### STATE *vs.* JOHN BRAY *et al.*

When a verdict, in a case subjecting a party to punishment in the penitentiary, is rendered out of Court, to a Judge at his chambers, in the absence of the prisoner and his counsel, and is entered on the record on the next day, in the absence of the jury and the prisoner; *Held,* that such verdict cannot be sustained.

[*State* v. *Creighton,* 6 Ird. 194; *State* v. *Blackwelder,* Phillips 58, cited and approved.]

This was an indictment for larceny, with a count for receiving stolen goods, tried before *Pool, J.,* at Spring Term, 1872, of BERTIE Superior Court.

The case was submitted to the jury at about 11 o'clock A. M., and the prisoner was committed to jail to await the verdict. About 10 o'clock at night the Sheriff brought the jury to the Judge's room. His Honor asked them, if they had agreed upon a verdict. The foreman replied that the jury found the prisoner guilty of receiving stolen goods knowing them to be stolen. His Honor asked the other jurors if such was their verdict; they all replied in the affirmative. The jury was then discharged, until 10 o'clock the next morning, at which time the court directed the Clerk to enter the verdict. The defendant's counsel moved for a new trial, upon the ground that neither the defendant nor their counsel were present at the rendition of the verdict.

The Court overruled the motion and pronounced judgment. Defendants appealed.

*Attorney General,* for the State.
*Smith & Strong,* for the defendants.

BOYDEN, J. Whether the verdict, in this case, could have been sustained, had the jury, on the next morning, in court, the prisoners being present, been asked if they had agreed upon a

STATE *v.* BRAY *et al.*

verdict, and they had made the same response as that given to the Judge at his room on the previous evening, it is unnecessary to decide, as the record does not show that either the jury or the prisoners were present when his Honor directed the verdict to be entered.

So that the only question is, whether a verdict in a case which is now subject to punishment in the penitentiary can be sustained, when rendered out of court, to the Judge at chambers, in the absence of the prisoners and their counsel, and entered on the record, on the next day, in the absence of the jury and the prisoners.

We think the case of the *State v. Creighton* 6 *Ire.* 104, and the case of the *State v. Blackwelder, Phillips Law* 38, and particularly the last, are decisive of this case.

It is true, that both of the above cases were capital, but the reasons for the decision in the latter case apply equally to a case like the present; and besides, we believe the practice has been uniform, to receive such a verdict only in open court, and in the presence of the prisoner.

There is error.

PER CURIAM.                    *Venire de novo.*