STATE v. ROBERT EPPS.

*Criminal Trials -- Presence of Prisoner.*

In criminal trials nothing shall be done to the prejudice of the defendant without his presence; though the rule *may* be relaxed in trials for misdemeanors, by the consent of the defendant.

INDICTMENT for larceny, tried at Fall Term, 1876, of EDGECOMBE Superior Court, before *Moore, J.*

The jury, under the instructions of the Court, rendered a verdict of guilty, which was received by the Clerk during the recess of the Court, in the absence of the prisoner and without any instructions from the Court; whereupon the counsel for the prisoner moved in arrest of judgment, which motion was allowed by the Court, and the Solicitor for the State appealed.

*Attorney General,* for the State.
No counsel for defendant, in this Court.

READE, J. The *rule* is, that in a criminal trial, nothing shall be done to the prejudice of the defendant, without his presence.

The exception is, that in a criminal trial for a *misdemeanor,* the rule may be relaxed, by the consent of the defendant.

An instance of such exception has been, where the Court takes a recess, the jury may render its verdict to the Clerk, it having been agreed before the recess by the defendant in the presence of the Court, that so it might be and the Court having so instructed the Clerk.

But even this exception, or the like, ought to be sparingly exercised; because it best comports with decency and order, that everything should be done in open Court, in the presence of the defendant and before the public.

In the case before us, the verdict was rendered to the Clerk during the recess of the Court, without instruction from the Court, and in the absence of the defendant and without his consent.

It was clearly the right of the defendant to have the verdict set aside upon his motion. And it was within the power of the Court to set it aside *mero motu.*

There is no error. Let this be certified, &c.

PER CURIAM.                              Judgment affirmed.