STATE v. NICHOLAS JENKINS.

*Trial—Criminal Procedure—Presence of Prisoner cannot be waived by Counsel.*

A jury charged in a case of felony (not capital) went of their own accord to the judge's room at eleven o'clock at night, and there, in presence and with the assent of prisoner's counsel, delivered their verdict to the judge in the absence of the prisoner, and were allowed to separate. At the sitting of the court on the following day, the prisoner moved for his discharge on the ground that the verdict as given was not valid and the jury had separated; *Held,* that he is not entitled to his discharge, there was a mistrial, the verdict must be set aside and a *venire de novo* awarded.

STATE v. JENKINS.

*Held further;* In the prosecution of all felonies, the prisoner has the right to be present throughout the trial; and this right cannot be waived in capital felonies; the prisoner must be *actually* present. Whether the prisoner can waive it, in those not capital—*quære;* his counsel cannot.

(*State* v. *Blackwelder*, Phil., 38; *State* v. *Craton*, 6 Ired., 164; *State* v. *Bray*, 67 N. C., 283; *State* v. *Bullock*, 63 N. C., 570; *State* v. *Johnson*, 75 N. C., 123; *State* v. *Bass*, 82 N. C., 570, cited and approved.)

INDICTMENT against the prisoner and others for burning a mill (under chapter 228, acts 1874-'75,) removed from Caldwell and tried at Spring Term, 1880, of CATAWBA Superior Court, before *Gilmer, J.*

The act of assembly makes the offence a felony punishable by imprisonment in the penitentiary. The case is sufficiently stated in the opinion. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. G. N. Folk,* for the defendant.

RUFFIN, J. There were many exceptions taken by the prisoner on the trial below, but it is necessary that we should notice but one, which is decisive of his case, and clearly entitles him to a new trial.

The judge below after finishing his charge late in the afternoon, committed the case to the jury, and being about to leave the court room, inquired of the prisoner's counsel if the clerk of the court might receive the verdict, and the counsel not assenting, no instructions to that effect were given. About eleven o'clock at night the jury having agreed upon their verdict, of their own head and without any such direction from any one, came to the judge's room, and there in the presence of the prisoner's counsel and with their assent, delivered their verdict of guilty to the judge in the absence of the prisoner, which verdict the judge

caused to be immediately recorded upon the proper docket and read to the jury, who assented thereto and were allowed to separate. At the meeting of the court on the next morning, one of the prisoner's counsel objected to the manner in which the verdict had been rendered in the absence of the prisoner, and moved for his discharge upon the ground that the verdict so taken could have no validity, and that after such a separation of the jury as had occurred, the prisoner could not be again put upon trial for the same offence.

In every criminal prosecution it is the *right* of the accused to be informed of the accusation against him and to confront his accusers. In capital trials this *right* cannot be waived by the prisoner, but it is the duty of the court to see that he is actually present at each and every step taken in the progress of the trial. *State* v. *Blackwelder*, Phil., 38; *State* v. *Craton*, 6 Ired. 164. In prosecutions for lesser felonies, the accused has exactly the same rights; *State* v. *Bray*, 67 N. C., 283; whether the right can be waived in such cases is a point about which the authorities seem to be still divided— some holding his actual presence to be necessary during the entire trial; and others, that being a right personal to the accused and established for his benefit, it might be waived by him.

It is not necessary that we should decide the point in this case, as we hold that the prisoner was deprived of this right, or rather of the opportunity to exercise it, by the manner in which the verdict was allowed to be taken.

The record does not disclose the condition of the prisoner during the time the jury were deliberating upon their verdict—whether committed to jail or not—but it is perfectly manifest that the action of the jury in coming to his room for the purpose of delivering their verdict, was a surprise to the judge himself; that it was their own act done of their own accord. As then it is not to be supposed that any communications had passed between the jury and the prisoner,

we are forced to conclude that, like the judge, he was not informed of this purpose of the jury, and therefore could not if he wished have attended the room of the judge; and therein he lost that right which the law and constitution intended he should enjoy.

The fact that the counsel for the accused were present and assented to the rendition of the verdict at that place, was well calculated, though we presume not so intended, to throw His Honor off his guard and cause him to forget for the moment that this right of the prisoner to be present at all the stages of his trial, was one that counsel could not waive. Doubtless the counsel themselves, for the time, overlooked it, and were thereby led to yield an assent beyond their power to bind the prisoner.

In the notes to the case of *Sperry* v. *Commonwealth*, 1 Bennett & Heard L. C. C., 433, it is declared that this right of a prisoner to be present throughout his trial is inalienable, and one that cannot be waived by counsel, and a number of cases are cited in support of the position. And as we concur therein, we hold that the proceedings in the court below resulted in a mistrial to the prisoner. We cannot, however, grant the prisoner's discharge as prayed for, being of the opinion that the facts as set out by the court in the record do not work a bar to his being tried again. It does not follow, say Bennett & Heard, 438, that because a verdict is rendered in the absence of a prisoner, he is entitled to his discharge; it is merely a mistrial, and the verdict should be set aside and the prisoner tried again.

In *State* v. *Bullock*, 63 N. C., 570, this court say it was never supposed that the rule that a jury sworn and charged cannot be discharged without the consent of the prisoner, was ever applied to any but a capital case. In *Johnson's* case, 75 N. C., 123, it was held that in the trials for offences less than capital, the presiding judge should assume the responsibility of ordering a mistrial whenever he believes it

proper to do so in furtherance of justice, and that his discretion in such particulars was not the subject of review. And in the very recent case of *State* v. *Bass*, 82 N. C., 570, Judge DILLARD very justly remarks that while many of our judges, in delivering their opinions in capital cases upon the discretion allowed to be exercised by the presiding judge in regard to discharging juries, have used language sufficiently broad to include lesser felonies within the same restricted rule, but that a more careful examination of the cases would disclose the fact that they stood upon the same level with misdemeanors in this particular; and he refers to a number of cases in which it had been held that the exercise of such a discretion was not the subject of review here. In *Bray's* case, *supra*, the prisoner was ordered to be tried again.

We therefore overrule the motion of the prisoner to be discharged, and direct that this be certified to the superior court of Catawba county to the end that further proceedings may be had according to law.

Error.                                                                                    *Venire de novo.*