STATE v. DANIEL PAYLOR and others.

*Oath of Juror—Absence of Defendant During the Trial of Cases not Capital.*

1. An oath administered to a juror in the manner prescribed by statute is sufficient; the juror need not repeat the words "so help me God."

2. The absence of a defendant from the court-room during the argument of counsel to the jury, on trial of an indictment for an offence not capital, the defendant's counsel being present, does not constitute ground for a new trial, unless it be made clearly to appear that the defendant was prejudiced thereby.

3. The law in reference to the right of the accused to be present during the trial, in capital cases and in those of a lower grade, reviewed by ASHE, J.

(*State* v. *Crayton,* 6 Ired., 164; *State* v. *Blackwelder,* Phil., 38; *State* v. *Epps,* 76 N. C., 55; *State* v. *Jenkins,* 84 N. C., 812; *State* v. *Bass,* 82 N. C., 570; *State* v. *Tilletson,* 7 Jones, 114, cited, commented on and approved).

INDICTMENT tried at Spring Term, 1883, of PERSON Superior Court, before *Gilmer, J.*

The indictment contains two counts—one for burning a granary and the other for burning a stable, in violation of the act of 1874–75, ch. 228.

The defendants were found guilty, and, a motion for a new trial having been overruled, the court pronounced judgment and the defendants appealed.

*Attorney-General,* for the State.
*Messrs. J. A. Creech* and *Fuller & Snow,* for the defendants.

ASHE, J.   After the verdict was rendered, the defendants moved for a new trial, on the ground :

First, that the jury who were impanelled to try the case were not legally sworn, in that, when the oath was administered to each juror, he was not required to repeat the words " so help me God," after the words " so help you God," pronounced by the clerk.   The court found the fact that the jurors were sworn in the usual form.

Secondly, that during the trial, after the evidence had closed, one of the counsel for the state was permitted to make his argument to the jury in the absence of the defendants.   The following are the facts found by the court: After the argument began in the forenoon, the court took a recess for dinner, and, on the reassembling of the court, the court-house being exceedingly crowded, one of the counsel for the state, continuing the argument, addressed the jury for twenty or thirty minutes, and was immediately followed by one of the counsel for the defendants, who had proceeded in his argument to the jury ten or fifteen minutes, when it was suggested to the court by the solicitor that the defendants, who had not given bail, but during the whole trial were in custody, had not been brought into court.

The argument was then suspended until the defendants were brought into court, when it proceeded without any exception or

complaint on the part of the defendants, whose counsel were present at all stages of the trial.

1. For an answer to the first exception, it is only necessary to refer to the form of the oath prescribed by law. Bat. Rev., ch. 77, §6 (20).

2. The other exception is more worthy of consideration.

In the trial of capital felonies, the rule of practice seems to be uniform in all the states that the prisoner should be present during the whole of the trial; and in favor of life, this rule is never relaxed. In this state, the principle has been maintained in several decisions, among others, *State* v. *Craton*, 6 Ired., 164; *State* v. *Blackwelder*, Phil., 38.

But in felonies of a lower grade than capital, and misdemeanors punishable with imprisonment or other corporal punishment, we find the practice of the courts to differ somewhat in different states. But both in England and the American states, it is held that in felonies less than capital, and misdemeanors where the punishment is corporal, as whipping, branding or imprisonment, the prisoner has the right to be present when the verdict is rendered, and must be when the sentence is pronounced. In misdemeanors where the punishment can only be a fine, or in cases where the court can see from the nature of the case and its circumstances that public justice requires no other punishment, the court may, in its discretion, with the consent of the prisoner, dispense with his presence during the trial. *State* v. *Epps*, 76 N. C., 55; 1 Bishop Cr. Pro., §690, and *U. S.* v. *Maye*, 1 Curtis, C. C., 432. In this latter case, Judge CURTIS has laid down, among others, the following rules regulating the discretion of the courts in such cases, to-wit:

1. That it is not an offence for which imprisonment must be inflicted.

2. The court must be satisfied that the nature of the case and its circumstances are not such that imprisonment will be inflicted.

But where the punishment is corporal, the prisoner must be present, as was held in *Rex* v. *Duke*, Holt, 399, where the pris-

oner was convicted of perjury, HOLT, C. J., saying: "Judgment cannot be given against any man in his absence for corporal punishment; he must be present when it is done." And he adds: "For if we give judgment that he should be put in the pillory, it might be demanded, *when?* and the answer would be, *when we catch him;* and there never was a writ to take a man and put him in the pillory."

In *State* v. *Jenkins,* 84 N. C., 812, this court citing *Blackwelder's case,* held "that it was not only the right of the prisoner, but it was the duty of the court to see that he was actually present at each and every step taken in the progress of the trial; and that in prosecutions for lesser felonies, the accused had exactly the same rights." All that the court meant by this was to say, that in the latter cases the prisoner had the same right as prisoners on trial for capital offences to be present at the arraignment, to plead in abatement, if proper; to be present when the jury are impanelled, that he may exercise the right of challenge; hear the evidence and be confronted with the witnesses; be present when the verdict is returned that he may have the jury polled and move for a new trial; and be present when the sentence is pronounced, that he may plead his pardon, if he have one, or move in arrest of the judgment. Further than this, there is no analogy in the rules of practice applicable to the two classes of offences. For in this very case of *State* v. *Jenkins,* the principle declared in the case of *State* v. *Bass,* 82 N. C., 570, is recognized and adopted as sound doctrine, and that case is cited with approval. There, a marked distinction was held to exist, in the power of the court to order a new trial, between capital felonies and those of a lower grade. In this respect, inferior felonies and misdemeanors are classed together, and it was held that the presiding judge had the discretion to discharge a jury before verdict in furtherance of justice, and that there was no appeal from the exercise of his discretion; but in capital cases it is well establishned he had no such discretionary power, and could only discharge a jury before verdict in cases of necessity,

and then he must find the facts constituting the necessity, and his action is reviewable.

In *State* v. *Tilletson*, 7 Jones, 114, one of the cases cited and relied upon by this court for its decision in *Bass' case,* Judge MANLY, speaking for the court, said: "The restricted range of judicial power as established in them (capital cases) has never been applied to offences of inferior grades, whether felonies or misdemeanors, and we think is not applicable." So it seems in the trial of inferior felonies, the strictness of the rules enforced on the trial of capital offences is, to some extent, relaxed, and this may account for the fact that we have been unable to find any case where it has been held that the absence of a prisoner on a trial for an inferior felony, while his case is being argued before the jury, has been held to be a ground for a new trial. It is possible that there may be cases where a prisoner might be prejudiced by his absence at such a time, but it should be made clearly to appear. Here, there was no complaint; his counsel was present all the time; it was not pretended that his cause had in any way been prejudiced; and this exception was not made until after verdict.

The motion for a new trial was properly overruled. There is no error. Let this be certified, &c.

No error. Affirmed.