STATE v. S. M. LEAK.

*Appeal, withdrawal of, by accused.*

An appeal of the accused in misdemeanors may be withdrawn by his counsel with the consent of the attorney-general, and in such case this court will not examine the record. But in felonies, it must appear affirmatively that the prisoner advisedly assents to and desires the withdrawal of his appeal.

(*State* v. *Overton,* 77 N. C., 485; *State* v. *Weaver,* 13 Ired., 203; *State* v. *Jenkins,* 84 N. C., 812; *State* v. *Epps,* 76 N. C., 55; *State* v. *Paylor,* 89 N. C., 539; *State* v. *Sheets, Ib.,* 543; *State* v. *Valentine,* 7 Ired., 141, cited and approved).

INDICTMENT againt the defendant and others for fornication and adultery, tried at Fall Term, 1883, of RICHMOND Superior Court, before *McKoy, J.*

An appeal was taken from the judgment pronounced upon a verdict of guilty, and upon call of the case here, the defendant's counsel asked for leave to withdraw the appeal, the state assenting thereto.

*Attorney-General,* for the State.
*Messrs. Little & Parsons,* for defendant.

MERRIMON, J. The counsel for the appellant moved at the present term to withdraw the appeal, and the attorney-general consented that the motion might be allowed.

In a criminal case the appeal brings it into the court and its jurisdiction at once attaches. The appellant has not absolute control of the appeal, nor can he withdraw or dismiss it at his will. It is under the control of the court for all lawful purposes, and to be heard and determined according to the course of procedure in such cases.

The appeal is supposed to be for the benefit of the appellant, and to affect him mainly, if not altogether. The court would, therefore, ordinarily grant leave to him, certainly with assent of the attorney-general, to withdraw or dismiss it, and direct the order granting such leave to be certified to the court below, with instructions to proceed in the case according to law.

The court having obtained jurisdiction of this case by the appeal, and the defendant being absent, the question whether or not the court ought to examine the record and decide any questions properly presented by it was suggested, and we find it one of some practical importance.

It is not necessary in any criminal case that the defendant shall be present in this court when his case is heard and determined. Indeed, he is seldom, if ever present. He appears here generally by counsel. He is not tried or convicted, nor is

any judgment rendered against him here. This court decides whether or not there was error in the proceedings in the case in the court below, and orders that its decision be certified to that court to the end that the proper judgment may be entered there. State v. Overton, 77 N. C., 485.

The motion to withdraw or dismiss the appeal in a criminal case is an important one, and ought not to be made lightly, or without a careful consideration, especially on the part of the defendant. Because, if the appeal is withdrawn, he is bound by the errors, if there be any in his case in the court below, unless that court can and will, in a possible case, correct its own errors before the final judgment. The defendant has the right to have any errors assigned by him examined and considered in this court, and if they be found to exist, to have them corrected. This the court will always do, unless the defendant shall, by proper application, withdraw or dismiss his appeal, and such application must be made with the assent and by the direction of the defendant himself. This court must, therefore, in all cases be satisfied that the defendant makes such application.

It is competent for counsel to make the application to withdraw or dismiss the appeal in case of misdemeanors. In such cases it is presumed that the counsel, nothing else appearing, has been instructed to make such application. But in capital cases, and in other serious felonies, it must appear affirmatively that the prisoner advisedly assents to, desires and directs that his appeal be withdrawn or dismissed. There is in this respect, as well as in others, a marked difference in misdemeanors and offences of a higher grade. The law is specially careful to see that the rights of the prisoner in capital cases, and in other serious felonies, are properly guarded, and that nothing shall be done to his prejudice without his knowledge and opportunity to be heard. State v. Weaver, 13 Ired., 203; State v. Jenkins, 84 N. C., 812; State v. Epps, 76 N. C., 55; State v. Paylor, 89 N. C., 539; State v. Sheets, Ib., 543.

If the attorney-general assents to a motion to withdraw or

42

dismiss the appeal, the court will grant it, without looking into or considering the record, because he is counsel for the state and is supposed to have carefully considered the rights of the state and assents to the justice of the matter. It has been held that where the attorney-general, upon an appeal by the defendant, on an indictment, informed the court that he had looked into the record and consents that the *venire de novo* prayed for should be granted, the court would of course grant the prayer without examining into the errors assigned. *State* v. *Valentine*, 7 Ired., 141.

The motion to withdraw the appeal is allowed. This will be certified to the court below, to the end that that court may proceed according to law.

Motion to withdraw appeal allowed.