STATE v. THOMAS LEE and others.

*Appeal.*

Appeals in criminal actions must be perfected and the case for the supreme court settled, as provided in civil actions. THE CODE, §1234.

(*State* v. *Randall,* 88 N. C., 611, cited and approved).

INDICTMENT for murder, tried at Fall Term, 1883, of FORSYTH Superior Court, before *Shipp, J.*

This case was tried a few days after THE CODE went into operation—the superior court of Forsyth county being held on

the 7th Monday after the 4th Monday in September, 1883. There was a verdict of guilty, and the prisoners appealed from the judgment pronounced, and the presiding judge made up the case on appeal.

Upon the call of the case in this court, the prisoners moved for a writ of *certiorari*, for the reasons set forth in an accompanying affidavit, to the effect that they had not been allowed the right to make up the case as provided by THE CODE, §1234; that at the time the appeal was taken, neither the judge nor the counsel was cognizant of the change in the practice of making up appeals in criminal actions, by reason of the fact that the laws were then in the course of publication and were not distributed until after said trial.

*Attorney-General,* for the State.
*Mr. T. R. Purnell,* for prisoners.

MERRIMON, J. It was settled in *State* v. *Randall,* 88 N. C. 611, that it was the duty of the judge who presided at the trial of a criminal action in which an appeal should be taken, to settle the case upon appeal for this court, and that continued to be the practice until it was changed by statute. THE CODE, §1234, regulating appeals in criminal action, provides, * * * "and the appeal shall be perfected and the case for the supreme court settled as provided in *civil actions.*" This statute went into effect on the first day of November, 1883, and its provisions are too plain to be misunderstood or require interpretation.

This action was tried and appeal taken therein *after* THE CODE went into effect, but before it had been published, and before the change of the law was known, in fact, by the courts. The judge, not being informed or advertent to the change of the law in respect to appeals in criminal cases, settled the case upon appeal for this court. But owing to the change mentioned, he had no authority to do so, and the case made up by him must go for naught. Ordinarily, nothing else appearing, the pre-

sumption would be that he settled the case upon appeal by consent of the prisoners and the solicitor for the state, but such presumption is rebutted by affidavits submitted that satisfy the court here that the court below acted under a misapprehension of the law.

It was the duty of the prisoners within ten days after rendition of the judgment against them, to cause the appeal to be entered by the clerk on the judgment docket of the court, and notice thereof to be given to the solicitor for the state, and to prepare a concise statement of the case, embodying the instructions of the judge, as signed by him, if there were exceptions thereto, and the requests of the counsel of the prisoners for instructions, if there were any exceptions on account of the granting or withholding thereof, and to state separately, in articles numbered, the errors alleged, and to cause a copy of this statement to be served on the solicitor for the state within five days from the entry of the appeal taken. Within three days after such service the solicitor should have returned the copy so served upon him, with his approval, or such amendments as he might specify, endorsed on, or attached thereto. If he approved the case as presented by the prisoners, then it should have been filed with the clerk as part of the record; and if not returned with objections, then it would have been deemed approved; but if returned with objections within three days after such notice, then the prisoners should have immediately requested the judge to fix a time and place for settling the case before him, as directed in THE CODE, §550, the solicitor representing the state. This, however, was not done.

Notwithstanding the mistake of the judge as to the state of the law, the prisoners have the right to have the case settled upon appeal according to law, and substantially in the manner suggested above. They are not satisfied with, or willing to accept it as settled by the judge, and as neither the court, nor the prisoners, nor the counsel, were informed as to the change of the law, and could not under the circumstances have been so by

reasonable diligence, the prisoners are entitled, upon their application, to the writ of *certiorari*, to the end that the case upon appeal may be settled and the record perfected according to law; and when so perfected, the clerk shall certify a true and perfect transcript thereof to this court.

The appeal was taken in apt time, but the case upon appeal was not settled, for the reasons stated, within the time prescribed by the statute. This failure was not through the negligence or default of the prisoners, and the law will not, therefore, allow them to suffer prejudice in that respect, but the court can and will, in exercising its authority to grant the writ of *certiorari*, afford them opportunity to settle the case upon appeal as if this had been done in strict accordance with the statute. This authority is incident to that to grant the writ, when it is employed as a substitute for an appeal. In such a case, the court has power to permit and direct the appeal, and its incidents, to be perfected and rendered effectual.

The application for the writ of *certiorari* is granted, and an order allowing the same in conformity to this opinion may be entered. It is so ordered.

Certiorari ordered.