STATE v. THOMAS LEE and others.

*New Trial.*

Upon being informed by the Attorney-General that he has examined the record and consents to a new trial, the court awards the same without looking into the record with a view of forming a judgment of its own. *State* v. *Valentine,* 7 Ired., 141, approved.

(*State* v. *Valentine,* 7 Ired., 141, *State* v. *Leak,* 90 N. C., 655, cited and approved.)

ORDER for new trial made at October Term, 1884, of THE SUPREME COURT.

The solicitor for the state and the counsel for the prisoners in the court below, joined in an application to the attorney-general to consent that a new trial may be granted in this case, stating that difficulties and inconveniences of a practical nature existed, to-wit, that counsel who prosecuted in the court below lived in different counties, the judge who tried the case was absent on another circuit, &c., and that in their opinion a correct statement of the case and assignment of errors could not be made in response to the writ of *certiorari* issued at the last term of this court. Thereupon the attorney-general examined the record and the matters submitted, and moved the court that the new trial be awarded.

MERRIMON, J. At the last term of this court the prisoners in this action suggested a diminution of the record, that the case for this court on appeal had not been settled according to law, and moved that the writ of *certiorari* be issued in their favor, commanding the clerk of the superior court

to certify to this court a true and perfect transcript of the record, &c. The writ was granted returnable to the present term. *State* v. *Lee;* 90 N. C., 652.

The attorney-general now informs the court, that the case for this court upon appeal cannot for causes stated be settled, that he has carefully examined and considered the record, including the case as settled for this court by the judge before whom the case was tried in the superior court, and is of opinion that he ought not to ask that the judgment be affirmed, but that it is his duty to consent that a *venire de novo* be awarded.

The court, therefore, does not look into and consider the record with the view of forming any judgment of its own as to whether there be error or not, but will direct the judgment to be reversed, because the attorney-general, who represents the state as counsel in this behalf, admits and suggests to the court, that on account of the matters and things assigned by the prisoners for error, and for other causes appearing in the record, the judgment was erroneous and ought to be reversed, and a *venire de novo* awarded.

The attorney-general is an important and responsible officer, charged with grave duties, and among these is that of conducting actions, as well criminal as civil in this court, in which the state is interested. THE CODE, § 3363.

He is charged by the law with such duties; and it is presumed that he is qualified in point of ability and learning for the efficient and just discharge of them, and that he carefully considers and cares for the rights and interests of the state, while he pays a just regard to the rights of the citizen in all matters and cases.

When, therefore, he makes a suggestion to the court, as he has done in this case, he acts within the sphere of his official duties, and the court is warranted in the course it has taken.

In what cases and how far the court might, for proper cause, refuse to act upon the request of the attorney-general in a case like the one before us, we need not now decide. We are very sensible that the present most excellent incumbent of that office has done in this case, what his judgment and conscience approve as lawful and just.

Our judgment in this case is fully sustained by that in the case of *State* v. *Valentine,* 7 Ired., 141. In that case Chief Justice RUFFIN, after referring to the course pursued in the court of King's Bench in like cases, said: " We suppose that our duty is much the same. For, as the judgment in the superior court is superseded by the appeal, so that no further proceedings can be had on the indictment, until this court shall have remitted the cause, the whole matter must necessarily be under the control of the attorney-general here, whether he will bring on the cause, or prosecute further; as he might thus discharge the prisoner, he may by consent allow the lesser benefit of a second trial." The case of *State* v. *Leak,* 90 N. C., 655, sustains the same view.

Judgment reversed, and a *venire de novo* awarded. Let this be certified to the superior court of Forsyth county, to the end that that court may proceed further in the action according to law.

*Venire de novo.*