(S. v. Crayton, 6 Ired., 164; S. v. Blackwelder, Phil., 38; S. v. Bray,67 N.C. 283; S. v. Jenkins, 84 N.C. 812; S. v. Epps, 76 N.C. 55; S. v.Payton, 89 N.C. 539; S. v. Sheets, ibid., 543, cited and approved.)
The defendant was indicted at the October Term, 1885 of the Criminal Court of the county of Mecklenburg, for the crime of larceny.
Being under recognizance to answer in that behalf at that time, he appeared in person, having counsel present, and pleaded not guilty, and was put upon his trial. He was present during the trial, as was also his counsel, "until the jury were returning to the court room (they having retired to consider of their verdict), to render the same in the case, at which time the defendant fled, and on being called, failed to answer. One of the defendant's counsel was present at the rendering of the verdict against the defendant, and made no objection to the (405) taking of the verdict in the defendant's absence. The verdict was rendered and entered, the defendant being so absent, his counsel present.
Afterwards, at February Term, 1886, of the same court, the defendant having been arrested, was brought into court for judgment, whereupon he moved that he be discharged, on the ground that he was not present when the verdict was rendered and entered against him. He contended that it was therefore void. The court denied the motion. There was a motion for a new trial, based upon the same ground, which was likewise denied. The court gave judgment that the defendant be imprisoned in the penitentiary for the term of two years, and having excepted, he appealed to this Court.
After state the facts: That the prisoner in capital felonies has the right to be, and must be, personally present at all times in the course of his trial, when anything is done or said affecting him as to the charge against him on the trial, in any material respect, is not questioned. Indeed, it is conceded that he has such right, and that he must be so present. S. v. Crayton, 6 Ired., 164; S. v. Blackwelder, Phil., 38; S. v.Bray, 67 N.C. 283; S. v. Jenkins, 84 N.C. 812. *Page 317 
As to felonies less than capital, the prisoner has precisely the same right to be present, but it is not essential that he must be at all events.
In the case last cited, Mr. Justice Ruffin said, in reference to the prisoner's right to be present: "Whether the right can be waived in such cases, is a point about which the authorities seem to be still divided — some holding his actual presence to be necessary during the entire trial, and others, that being a right personal to the accused, and established for his benefit, it might be waived by him."
The rule that he must be so present in capital felonies is (406)in favorem vitae. It is founded in the tenderness and care of the law for human life, and not in fundamental right — certainly not in this State, as seems to be supposed by some persons. The Constitution (Art. I, secs. 11, 12, 13), provides in respect to persons charged with crime, that, "In all criminal prosecutions, every man has the right to be informed of the accusation against him, and to confront the accusers and witnesses with other testimony, and to have counsel for his defense." That he shall be put to answer for a criminal charge, only "by indictment, presentment, or impeachment," except in cases of petty misdemeanors, and that he shall not be "convicted of any crime, but by the unanimous verdict of a jury of good and lawful men in open court." These embrace all the provisions of the Constitution bearing upon the subject, and surely they cannot be reasonably interpreted to imply that it is essential that the party "put to answer any criminal charge," shall — must — be continuously present at his trial at all events. They do not have such meaning in terms or effect. The just and reasonable implication is, that the party accused of crime shall have fair opportunity to defend himself in all respects as allowed and secured by the principles of law, procedure, and statutory provisions, applicable to and regulating criminal trials.
While it is settled in this State, that the prisoner has the right to be so present during his trial upon a charge for a felonious offense, not capital, there is neither principle nor statute, nor judicial precedent, that makes it essential that he shall be. Nor, in our judgment, is there any common principle of justice, essential to the security of personal right, safety and liberty, that so requires. Unquestionably, a party "put to answer any criminal charge, may plead guilty, or nolo contendere. In such case, he waives a trial altogether. The law allows him to do so, presuming that he has capacity and (407) intelligence to know and be advised as to his rights, and that he will not voluntarily refuse to make defense, if innocent. The law in such cases, will not compel him to make defense for himself, nor will it make defense for him — it will only afford him just opportunity to do so for *Page 318 
himself; he could not reasonably expect or ask more, nor is there anything in the nature of personal safety or liberty that requires more.
If the prisoner may thus waive his right to a trial altogether, why may he not waive his right to be present at his trial, if he shall for any cause see fit to do so? We can conceive of no just reason why he may not, especially when he is represented by counsel, as he has the right to be, who, it is presumed, is fully advised by him, and can generally take care of his rights better than he could do himself. He may deem it of advantage to him not to be present, or it may be inconvenient for him to be. He may choose to rely upon the skill and judgment of his counsel, and expect that the court will see that the trial is conducted according to law, as it will always do. He may do this, but the waiver should appear to the satisfaction of the court, either expressly, or by reasonable implication from what he says, or by his conduct. His counsel cannot waive his right for him. S. v.Epps, 76 N.C. 55; S. v. Payton, 89 N.C. 539; S. v. Sheets, ibid., 543;Price v. State, 36 Miss. 531; Figlet v. State, 7 Ohio, 180; 128 Am. Decisions, 626, and numerous cases there cited.
Generally, if not in all cases, the State will require the prisoner's presence when the judgment is entered, especially when the punishment to be imposed requires it.
The court will always require the presence of the prisoner in court during the trial, as already indicated, if he be in close custody of the law, unless in case the prisoner expressly himself, and not by counsel, waives his right to be present, but the court may require it, if it (408) shall deem it advisable to do so. When, however, the prisoner is not in close custody, but is only under recognizance for his appearance, the court will not begin a trial in his absence, unless he expressly waives his right to be present. If, however, he be under recognizance for his appearance — is present when the trial begins, and afterwards, pending it, he voluntarily and on purpose absents himself — as when he flees the court — he must be deemed to have waived his right to be present during the remainder of the trial, while he is so absent, and will not be entitled to be discharged, or to have a new trial, because he was so absent. In such case, he has fair opportunity to be present and might, and ought, as matter of duty, to be; if he is not, by the strongest, if not conclusive implication, he consents to be, and is voluntarily absent, and waives his right. He has no right to flee — he is bound not to do so — he flees at his peril, and is justly held to take the consequences of his unlawful conduct. It would savor of absurdity and positive injustice, when a party charged with crime thus flees, to allow him to take advantage of his own wrong, and obtain his discharge, or a new trial! A party charged with a felony less than capital, has the *Page 319 
right to give bail and be at large, unless at the trial the court shall order him into close custody. In such cases, if the defendant fly, pending the trial, the court is not bound to stop the trial and discharge the jury, and thus give the defendant a new trial. To do so, would compromise the dignity of the court, trifle with the administration of justice, and encourage guilty parties to escape. The defendant has no right, fundamental or otherwise, that renders such absurd practice and procedure necessary.
It appears that the defendant in this case was not in close custody — that he was under recognizance for his appearance, and present when his trial began.
In the course of the trial, when the jury were going into court (409) to render their verdict, he fled the court, and was not present when it was received and entered by the court. The court properly held that this was not ground for a new trial. In such a case, it might, however, in its discretion, grant a new trial for just cause, as when the defendant is ignorant and frightened, and was prompted by fear to fly, if it appear that he might have suffered prejudice by such flight.
There is no error. Let this opinion be certified to the criminal court according to law. It is so ordered.