## STATE v. LEE KELLY.

*Criminal Trials—Right of Prisoner to be Present.*

1. In capital felonies, the prisoner has the right to be present in Court at all times during the course of his trial, and if he is absent at any time, it vitiates a conviction.

2. In felonies less than capital, the prisoner has the right to be present at all stages of his trial, but his presence is not essential to the validity of the conviction.

3. *It seems*, that a prisoner in a capital felony can waive his right to be present at all stages of the trial, but his counsel cannot waive it for him.

4. If a prisoner in an indictment for a felony less than capital flee the Court during the trial, he will be deemed to have waived his right to be present, and the Court need not stop the trial.

(*State* v. *Crayton*, 6 Ired., 164; *State* v. *Blackwelder*, Phil., 38; *State* v. *Bray*, 67 N. C., 283; *State* v. *Jenkins*, 84 N. C., 812; *State* v. *Epps*, 76 N. C., 55; *State* v. *Payton*, 89 N. C., 539; *State* v. *Sheets*, Ibid., 543, cited and approved).

INDICTMENT, heard before *Meares, Judge*, at February Term, 1886, of the Criminal Court of MECKLENBURG county.

The defendant was indicted at the October Term, 1885, of the Criminal Court of the county of Mecklenburg, for the crime of larceny.

Being under recognizance to answer in that behalf at that time, he appeared in person, having counsel present, and pleaded not guilty, and was put upon his trial. He was present during the trial, as was also his counsel, "until the jury were returning to the Court room (they having retired to consider of their verdict), to render the same in the case, at which time the defendant fled, and on being called, failed to answer. One of the defendant's counsel was present at the rendering of the verdict against the defendant, and made

no objection to the taking of the verdict in the defendant's absence. The verdict was rendered and entered, the defendant being so absent, his counsel present

Afterwards, at February Term, 1886, of the same Court, the defendant having been arrested, was brought into Court for judgment, whereupon he moved that he be discharged, on the ground that he was not present when the verdict was rendered and entered against him. He contended that it was therefore void. The Court denied the motion. There was a motion for a new trial, based upon the same ground, which was likewise denied. The Court gave judgment that the defendant be imprisoned in the penitentiary for the term of two years, and having excepted, he appealed to this Court.

*The Attorney-General,* for the State.

No counsel for the defendant.

MERRIMON, J., (after stating the facts). That the prisoner in capital felonies has the right to be, and must be, personally present at all times in the course of his trial, when anything is done or said affecting him as to the charge against him on the trial, in any material respect, is not questioned. Indeed, it is conceded that he has such right, and that he must be so present. *State* v. *Crayton,* 6 Ired., 164; *State* v. *Blackwelder,* Phil., 38; *State* v. *Bray,* 67 N. C., 283; *State* v. *Jenkins,* 84 N. C., 812.

As to felonies less than capital, the prisoner has precisely the same right to be present, but it is not essential that he *must* be at all events.

In the case last cited, Mr. Justice RUFFIN said, in reference to the prisoner's right to be present: " Whether the right can be waived in such cases, is a point about which the authorities seem to be still divided—some holding his actual presence to be necessary during the entire trial, and others,

that being a right personal to the accused, and established for his benefit, it might be waived by him."

The rule that he must be so present in capital felonies is *in favorem vitæ*. It is founded in the tenderness and care of the law for human life, and not in fundamental right—certainly not in this State, as seems to be supposed by some persons. The Constitution (Art. 1, §§11, 12, 13,) provides in respect to persons charged with crime, that, "In all criminal prosecutions, every man has the right to be informed of the accusation against him, and to confront the accusers and witnesses with other testimony, and to have counsel for his defence." That he shall be put to answer for a criminal charge, only "by indictment, presentment, or impeachment," except in cases of petty misdemeanors, and that he shall not be "convicted of any crime, but by the unanimous verdict of a jury of good and lawful men in open Court." These embrace all the provisions of the Constitution bearing upon the subject, and surely they cannot be reasonably interpreted to imply that it is essential that the party "put to answer any criminal charge," shall—must—be continuously present at his trial at all events. They do not have such meaning in terms or effect. The just and reasonable implication is, that the party accused of crime shall have fair opportunity to defend himself in all respects as allowed and secured by the principles of law, procedure, and statutory provisions, applicable to and regulating criminal trials.

While it is settled in this State, that the prisoner has the right to be so present during his trial upon a charge for a felonious offence, not capital, there is neither principle nor statute, nor judicial precedent, that makes it essential that he shall be. Nor, in our judgment, is there any common principle of justice, essential to the security of personal right, safety and liberty, that so requires. Unquestionably, a party "put to answer any criminal charge, may plead guilty, or *nolo contendere*. In such case, he *waives* a trial altogether.

The law allows him to do so, presuming that he has capacity and intelligence to know and be advised as to his rights, and that he will not voluntarily refuse to make defence, if innocent. The law in such cases, will not compel him to make defence for himself, nor will it make defence for him— it will only afford him just opportunity to do so for himself; he could not reasonably expect or ask more, nor is there anything in the nature of personal safety or liberty that requires more.

If the prisoner may thus waive his right to a trial altogether, why may he not waive his right to be present at his trial, if he shall for any cause see fit to do so? We can conceive of no just reason why he may not, especially when he is represented by counsel, as he has the right to be, who, it is presumed, is fully advised by him, and can generally take care of his rights better than he could do himself. He may deem it of advantage to him not to be present, or it may be inconvenient for him to be. He may choose to rely upon the skill and judgment of his counsel, and expect that the Court will see that the trial is conducted according to law, as it will always do. He may do this, but the waiver should appear to the satisfaction of the Court, either expressly, or by reasonable implication from what he says, or by his conduct. His counsel cannot waive his right for him. *State* v. *Epps,* 76 N. C., 55; *State* v. *Payton,* 89 N. C., 539; *State* v. *Sheets,* Ibid., 543; *Price* v. *State,* 36 Miss., 531; *Figlet* v. *State,* 7 Ohio, 180; 128 Am. Decisions, 626, and numerous cases there cited.

Generally, if not in all cases, the State will require the prisoner's presence when the judgment is entered, especially when the punishment to be imposed requires it.

The Court will always require the presence of the prisoner in Court during the trial, as already indicated, if he be in close custody of the law, unless in case the prisoner expressly himself, and not by counsel, waives his right to be present,

but the Court may require it, if it shall deem it advisable to do so.   When, however, the prisoner is not in close custody, but is only under recognizance for his appearance, the Court will not begin a trial in his absence, unless he expressly waives his right to be present.   If, however, he be under re-cognizance for his appearance—is present when the trial be-gins, and afterwards, pending it, he voluntarily and on pur-pose absents himself—as when he flees the Court—he must be deemed to have waived his right to be present during the remainder of the trial, while he is so absent, and will not be entitled to be discharged, or to have a new trial, because he was so absent.   In such case, he has fair opportunity to be present and might, and ought, as matter of duty, to be; if he is not, by the strongest, if not conclusive implication, he consents to be, and is voluntarily absent, and waives his right.   He has no right to flee—he is bound not to do so—he flees at his peril, and is justly held to take the consequences of his unlawful conduct.   It would savor of absurdity and positive injustice, when a party charged with crime thus flees, to allow him to take advantage of his own wrong, and obtain his discharge, or a new trial!   A party charged with a felony less than capital, has the right to give bail and be at large, unless at the trial the Court shall order him into close custody.   In such cases, if the defendant fly, pending the trial, the Court is not bound to stop the trial and dis-charge the jury, and thus give the defendant a new trial. To do so, would compromise the dignity of the Court, trifle with the administration of justice, and encourage guilty parties to escape.   The defendant has no right, fundamental or otherwise, that renders such absurd practice and proce-dure necessary.

It appears that the defendant in this case was not in close custody—that he was under recognizance for his ap-pearance, and present when his trial began.

In the course of the trial, when the jury were going into Court to render their verdict, he fled the Court, and was not present when it was received and entered by the Court. The Court properly held that this was not ground for a new trial. In such a case, it might, however, in its discretion, grant a new trial for just cause, as when the defendant is ignorant and frightened, and was prompted by fear to fly, if it appear that he might have suffered prejudice by such flight.

There is no error. Let this opinion be certified to the Criminal Court according to law. It is so ordered.

SMITH, C. J., (dissenting). It is a well settled rule, that in criminal trials the accused has the right to be present at every stage of the proceeding, and in crimes of the grade of felony, he must be, whenever any action is taken to his prejudice.

"The rule indeed," remarks BATTLE, J., in *State* v. *Black-welder*, Phil., 38; "is but a full development of the principles contained in the 7th section of the declaration of rights (§11 of art. 1 of the present Constitution); "That in all prosecutions, every man has a right to be informed of the accusation against him, and to confront the accusers with witnesses and other testimony," "and this," he adds, "ought to be kept forever sacred and inviolate." "The rule is," says READE, J., "that in a criminal trial, nothing shall be done to the prejudice of the defendant without his presence. The exception is that in a criminal trial for a *misdemeanor* the rule may be relaxed by the consent of the defendant." *State* v. *Epps*, 76 N. C., 55.

In *State* v. *Bray*, 67 N. C., 283, the charge was for larceny and receiving, and the jury returned a verdict of acquittal upon the first count, and guilty on the second, before the Judge at his room. The verdict was so entered at the opening of the Court the next morning.

On appeal the verdict was set aside, because not rendered in the defendant's presence. BOYDEN, J., delivering the opinion, says: "We think the case of the *State* v. *Crayton,* 6 Ired., 164, and the case of the *State* v. *Blackwelder,* Phil. Law, 38, and particularly the last, are decisive of this case. It is true that both of the above cases were capital, *but the reasons for the decision in the latter case apply equally to a case like the present;* and besides, we believe the practice has been uniform to *receive such a verdict only in open Court and in the presence of the prisoner."*

In *State* v. *Jenkins,* 84 N. C., 812, the defendant was charged with burning a mill, and a verdict convicting him of the offence was delivered to the Judge at his room, at a late hour in the night, in presence of his counsel and with their consent. Speaking for the Court, our late associate RUFFIN, J., says: " In every criminal prosecution, it is the right of the accused to be informed of the accusation against him and to confront his accusers. In capital trials this right can not be waived by the prisoner, but it is the duty of the Court to see that he is actually present at each and every step taken in the progress of the trial. In prosecutions for *lesser felonies, he has exactly the same right.* Whether the right can be waived in such cases is a point about which the authorities seem to be divided."

In *State* v. *Sheets,* 89 N. C., 543, the indictment was for malicious mischief in poisoning a mare colt, and one of the exceptions was to the Judge's rehearsal of part of the evidence in his charge to the jury in the defendant's absence. It was overruled, in doing which ASHE, J., our deceased associate, says: " The indictment is only for a *misdemeanor,* and the defendant, we presume, was out on bail, as the record does not show he was in custody. If he thought proper to absent himself during the progress of the trial, it was his own fault."

In *State* v. *Payton,* 89 N. C., 539, the charge was for a fel-ony, made such by statute (acts 1874–'75, chap. 228), in burn-ing a stable in one count, a granary in the other, and the error assigned was in permitting one of the counsel for the State to make his argument to the jury when the defendants were not present in Court.    The same Judge distinguishes between felonies, classing those of an inferior grade with misdemeanors, citing in recognition of the distinction, several cases decided in this Court, and concludes his review in these words: "So, it seems in the trial of *inferior felonies,* the strict-ness of the rules enforced on the trial of capital offences is to some extent relaxed, and this may account for the fact that we have been unable to find any case where it has been held, that the absence of a prisoner on a trial for an inferior felony, while his case is being argued before the jury, has been held to be a ground for a new trial."

In the case of *State* v. *Bray, supra,* the conviction was of an aggravated misdemeanor, punished with the same severity as the associated charge of which the defendant was acquitted, and yet the manner of rendering the verdict vitiated the trial, and was held to entitle him to a *venire de novo.*    But the ruling can be sustained upon the other ground, that no action was taken to the prejudice of the accused by the Court or by the jury in his absence.

The difficulty of running the dividing line between felo-nies of a higher grade and felonies of an inferior grade, is an insuperable objection, to my own mind, to making such a classification, and placing the one with crimes that are capital, and the other with such as are misdemeanors, so as, under some circumstances, to require the presence of the accused, and in others to dispense with it, when the verdict is rendered and judgment pronounced.

Instead of this, it is safer and more consonant with the practice in criminal trials, to recognize the broad line of de-marcation that separates a felony of whatever grade from a

misdemeanor; a distinction intelligible and susceptible of easy application in practice.

"Where the punishment is corporal," we quote again from *State* v. *Payton, supra,* "the prisoner must be present, as was held in *Rex* v. *Duke,* Holt, 399, where the prisoner was convicted of perjury, HOLT, C. J., saying, 'Judgment cannot be given against any man in his absence for corporal punishment,' and he adds: 'For if one give judgment that he be put in the pillory, it might be demanded, when? And the answer would be when we catch him; and there never was a writ to take a man and put him in the pillory.'"

In the 3d Vol. of Whar. Cr. Law, §2991, the author, after stating that the accused must be present in person, proceeds: "Nor does the necessity for the defendant's presence cease with the opening of the case. Should he be at any time absent, the proceedings cease to be valid, and it will be ground for a new trial, should the Court proceed with the case in defiance of this rule," except that this right may be waived in misdemeanors, in which no corporal punishment is imposed.

"Never has there heretofore," (he quotes the words of GIBSON, C. J., in *Pruin* v *Com.,* 6 Harris, 104, which are reiterated by WILLIAMS, J., in *Dougherty* v. *Com.,* 69 Penn., 286,) "been a prisoner tried for felony in his absence. No precedent can be found in which his presence is not a postulate of every part of the record. He is arraigned at the bar, and if he is convicted, he is asked at the bar what he has to say why judgment should not be pronounced against him. *These things* (the text is in italics), *are matters of substance, and not peculiar to trials for murder. They belong to every trial for felony, at the common law, because the mitigation of the punishment does not change the character of the crime.*"

In Massachusetts, Arkansas and Ohio, statutes have been passed requiring the presence of the accused in person during a trial for felony, and this doubtless is to prevent any

ruling that this great principle can be waived by any act of his own, or by his counsel, for the case cited in the opinion of the Court in this case, shows that the correcting hand of the Legislature was needed.

Now, it is true, the conduct of the accused in his hasty departure, when the jury were about to deliver their verdict, the purport of which he seems to have anticipated, entitles him to no favor, but it is the importance and value of the principle which is sacrificed in giving effect to it, and the judgment consequent on its rendition.

In a sister State, where precisely the same facts occurred upon a charge of larceny, the Court say : " In criminal cases of the grade of felony, where the life or liberty of the accused is in peril, he has the right to be present, and *must be present*, during the trial, and until the final judgment. If he be absent, either in prison *or by escape*, there is a want of jurisdiction over his person to proceed with the trial, or to receive the verdict, or to pronounce the final judgment."

This ruling is followed in two other cases, *Andrews* v. *State*, 2 Sneed, 550; *Hutchison* v. *State*, 3 Cold., 97 ; *Webb* v. *State*, 5 Cold., 16.

In *Sneed* v. *State*, 5 Ark., 431, the Court declare the statute in that State but an affirmance of the common law, and say that when the defendant is out on bail, the principle is the same, the law not regarding the cause of his absence, as whether he is away voluntarily or against his will.

The subject is fully discussed and the cases on the point examined, in the note of the editor to the case of *Figlet* v. *State*, found in 128 Vol. of Am. Dec., 626.

I am not disposed to relax those safeguards which the wisdom of past ages has provided for the security of persons charged with crime, while the modern tendency is manifested in some of the Courts to dispense with them, upon the idea of a waiver, because of the inconvenient necessity for a new trial, which an observance of them may

render necessary. I am therefore constrained to enter my dissent to the ruling of the Court, and the great extent to which the opinion goes.

No error.                                        Affirmed.