## SAM BOWMAN v. STATE.

No. A-1616. Opinion Filed June 11, 1913.

(132 Pac. 824.)

APPEAL — Objection Below — Necessity — Presence of Defendant.
Where the record shows that a defendant participated in the trial
and after conviction filed a motion for a new trial in which he
did not claim that any portion of the trial took place in his
absence, and where the record also shows that the defendant was
present when judgment was pronounced against him and was
asked by the' court what, if anything, he had to say why judg-
ment should not be pronounced, and the defendant said nothing,
this court will presume that the defendant was present during his
entire trial, and the question of his absence during such trial
cannot be raised for the first time upon appeal.

(Syllabus by the Court.)

Appeal from District Court, Custer County;
Jas. R. Tolbert, Judge.

Sam Bowman was convicted of larceny of cattle, and he
appeals. Affirmed.

W. B. Merrill and R. E. Echols, for appellant.
Smith C. Matson, Asst. Atty. Gen., for the State.

FURMAN, J. This case was appealed upon a transcript
alone and does not contain any statement of the evidence.
Therefore we know nothing of the testimony and must decide
it alone upon the record.

Counsel for appellant in their brief say:

"We maintain that it is mandatory that the record of the
case show the presence of the plaintiff in error, who was the
defendant below, at all stages of the trial."

The transcript of the record shows that appellant was pres-
ent in court and announced ready for trial, and that he was
present when the verdict was received. It also shows that ap-
pellant filed a motion for a new trial complaining of 10 grounds

of error. No complaint is made in this motion that any part of the trial took place in the absence of appellant. The record also shows that appellant was present when the judgment was pronounced against him. He was then asked by the trial court what, if any, reason he had why judgment and sentence should not be passed upon him. To this he made no reply. If, as a matter of fact, any part of the trial took place in the absence of appellant, he should have complained of this matter either in his motion for a new trial or when sentence was pronounced against him, and should have taken some steps to make such absence appear in the record, and, having failed to do this, he cannot now be heard to complain. This question has been repeatedly passed upon by this court. The last utterance of this court on this question will be found in the case of *Burns v. State,* 8 Okla. Cr. 554, 129 Pac. 657. As this question has been raised in a number of cases, we will repeat what we there said:

"Fourth. Counsel for appellant contend in their brief and oral argument that the judgment should be set aside because the records of the court do not affirmatively show the presence of the defendant during the trial. The record does show that the defendant entered a plea of not guilty; that he was present when the state's witnesses were examined; that he testified in his own behalf, and was present when the sentence of the court was pronounced. It affirmatively appears from the motion for a new trial that appellant was present during the trial of this case, and that he requested the court to send the jury to inspect the place where the shooting occurred, and that he took numerous exceptions to the introduction of evidence and the instructions of the court as given to the jury. Upon the authority of *Sam Wood v. State,* 4 Okla. Cr. 436, 112 Pac. 11, this record would sustain this conviction, even though it should be held that the record must affirmatively show the presence of the defendant during his trial. To hold that this case should be reversed on account of the question now raised would be a very severe reflection upon counsel for appellant. It would be based upon the presumption that they were so negligent or so ignorant as to allow their client to be tried for a felony during his absence. We cannot presume anything of

the kind, because this court has actual knowledge of the fact that counsel for appellant are among the ablest and most zealous lawyers in the state, and that they have taken care of every right of their client. If appellant was not present during the trial in the court below, why was this objection not presented then? Why was it not embodied in the motion for a new trial, and why, when the appellant was called upon to state his reasons, if any he had, why sentence should not be pronounced upon him, was the objection not made that the trial had taken place during his absence? Every presumption of law must be indulged in favor of the regularity of proceedings of a court of record and of the ability and fidelity of counsel for a defendant in the failure of the record to affirmatively show the absence of appellant. We therefore cannot assume, as counsel now claim we should do, that appellant was not present during his trial. Of course, if the record affirmatively showed that he was not present during the trial, we would be forced to set aside this judgment, but there is nothing in the record upon which such a presumption can be based. Since the decision in the Sam Wood case we have investigated this question more fully, and we are now satisfied that an appellant should not be heard to complain for the first time in this court that he was not present during the trial of his case in the lower court, unless this fact affirmatively appears from the record."

This is the only question presented in the brief of counsel. We could not grant a new trial upon this ground without reversing a number of our former rulings and establishing a dangerous precedent.

The judgment of the lower court is affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.