## KATHERINE COLE v. STATE.

No. A-5604.   Opinion Filed July 23, 1926.
(248 Pac. 347.)

Blount C. Trice and Walter L. Gray, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Osage county on a charge of willfully mutilating a gravestone.   She was sentenced to pay a fine of $500 and to be confined in the county jail for a period of six months.   The case was called for trial on the 17th day of January, 1925.   The defendant was not present in person, but was represented by her attorneys, Tillman, Tillman & Pierson.   The record recites that they waive her presence.   Thereupon the trial was had in the absence of defendant. A jury was selected, the opening statement by the county attorney made, and witnesses called and examined by the state and cross-examined by counsel for defendant.   Upon the conclusion of the state's

evidence, one of the witnesses called by the state was called by defendant's counsel as a witness for defendant and gave further testimony.

The jury returned its verdict on the 17th day of January, and on receiving the verdict the court pronounced judgment and sentence, but no formal journal entry was filed at the time. A motion for a new trial was filed on the 19th of January, which, however, did not assign as error the trial of the defendant in her absence, but did assign as error the rendering of judgment and sentence in her absence. This motion for new trial was overruled, but the court set aside its judgment and sentence previously entered, and defendant was brought before the court and judgment and sentence again pronounced.

Several assignments are argued in the brief, but all may be resolved in the single contention that in the trial of a misdemeanor or where the punishment may be imprisonment that defendant has a right to be personally present, and that this right cannot be waived by attorneys for such defendant. The statute under which the defendant was prosecuted is section 1885, Comp. Stat. 1921, which defines a misdemeanor punishable by a fine not exceeding $500, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment, for any person who shall willfully destroy, mutilate, etc., any tomb, monument, etc., of any human being. Without reciting the facts, it is sufficient to say that the evidence fully sustains the verdict and judgment.

Section 20, Bill of Rights, is:

"In all criminal prosecutions the accused shall have the right to a speedy, and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed

to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post office addresses."

The provisions of this section are for the benefit of a defendant and confer a substantial right. It has been held that various of these rights may be waived by a defendant. Baker v. State, 9 Okla. Cr. 62, 30 P. 820; State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Galbert v. State, 12 Okla. Cr. 571, 160 P. 332. There are, however, certain rights granted an accused which are inalienable and which he cannot waive. There are steps in the course of the trial without which the trial will not constitute due process of law. Hopt v. Utah, 110 U. S. 574, 4 S. Ct. 202, 28 L. Ed. 262; Bishop's New Criminal Pro. § 271.

Section 2641, Comp. Stat. 1921, is as follows:

"If the indictment or information is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor not punishable by imprisonment, the trial may be had in the absence of the defendant, if, however, his presence is necessary for the definite purpose of identification, the court may, upon application of the county attorney, by an order or warrant, require the personal attendance of the defendant at the trial."

This statute was under consideration in the case of Stuart v. State, 6 Okla. Cr. 27, 15 P. 1026, where it was held:

"(a) When a person is placed on trial in a court of competent jurisdiction in this state charged with a misdemeanor, the punishment for which is a fine only, the trial may be had without the presence of such person.

"(b) When a person is placed on trial on a misdemeanor charge, the minimum punishment for which includes imprisonment, it is necessary for such person to be present in person during such trial."

In that case, however, the question of waiver of the presence of defendant was not involved, and after verdict a motion in arrest of judgment was filed among other things setting out—

"* * * That the court erred in placing defendant upon his trial without being present, and without waiving his presence during the trial of said cause, and without defendant pleading, or refusing to plead. * * *"

That case cites, in support of the rule announced, Washington v. State, 52 Tex. Cr. R. 323, 106 S. W. 361; State v. Young, 86 Iowa, 406, 53 N. W. 272.

There is a conflict among the authorities whether an accused can waive his right to be present at the trial. In a number of jurisdictions it is held that if an accused on bail is present at the beginning of the trial and thereafter voluntarily absents himself or makes his escape, the court may proceed with the trial, and the absence of the defendant is a waiver of his constitutional right to be present at every stage of the trial. 8 R. C. L. 94; Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138; Gore v. State, 52 Ark. 285, 12 S. W. 564, 5 L. R. A. 832; Barton v. State, 67 Ga. 653, 44 Am. Rep. 743; State v. Way, 76 Kan. 928, 93 P. 159, 14 L. R. A. (N. S.) 603; Price v. State, 36 Miss. 531, 72 Am. Dec. 195; State v. Vanella, 40 Mont. 326, 106 P. 364, 20 Ann. Cas. 398; State v. Kelly, 97 N. C. 404, 2 S. E. 185, 2 Am. St. Rep. 299;

Fight v. State, 7 Ohio, 180, pt. 1, 28 Am. Dec. 626; Lynch v. Com., 88 Pa. 189, 32 Am. St. Rep. 445; Hill v. State, 17 Wis. 675, 86 Am. Dec. 736; French v. State, 85 Wis. 400, 55 N. W. 566, 21 L. R. A. 402, 39 Am. St. Rep. 855; Stoddard v. State, 132 Wis. 520, 112 N. W. 453, 13 Ann. Cas. 1211.

A number of states hold that the presence of the defendant on a trial of a charge of felony cannot be waived and is essential to a valid conviction. Summeralls v. State, 37 Fla. 162, 20 So. 242, 53 Am. St. Rep. 247; State v. Vanella, 40 Mont. 326, 106 P. 364, 20 Ann. Cas. 398; State v. Walton, 51 Or. 574, 91 P. 495, 13 L. R. A. (N. S.) 811; State v. Mannion, 19 Utah, 505, 57 P. 542, 45 L. R. A. 638, 75 Am. St. Rep. 753; State v. Stevenson, 64 W. Va. 392, 62 S. E. 688, 19 L. R. A. (N. S.) 713; Humphrey v. State, 3 Okla. Cr. R. 504, 106 P. 978, 139 Am. St. Rep. 972.

The case last cited, Humphrey v. State, was predicated largely on the case of Day v. Territory, 2 Okla. 410, 37 P. 806, and Leroy v. Territory, 3 Okla. 596, 41 P. 612. The Humphrey Case has been overruled by later decisions of this court. It may now be said to be settled law in this state that where the record affirmatively shows a defendant present at the beginning of the trial, it will be presumed that he continued present unless his absence is affirmatively shown. Bowman v. State, 9 Okla. Cr. R. 577, 132 P. 824; Burns v. State, 8 Okla. Cr. R. 554, 129 P. 657.

In the case at bar, however, the record affirmatively shows that the accused was not present at any time during the trial. In a misdemeanor case, as here, where the punishment may be imprisonment as well as a fine, the accused may waive the right to be present, but the right to waive is personal and can be exercised only by accused. In 8 R. C. L. p. 94, it is said:

"His right, when on bail, to waive his own presence in cases not capital when the verdict is received, is strictly a personal right, and no such waiver can be exercised for him by his own counsel." Sherrod v. State, 93 Miss. 774, 47 So. 554, 20 L. R. A. (N. S.) 509; State v. Kelly, 97 N. C. 404, 2 S. E. 185, 2 Am. St. Rep. 299.

In the Sherrod Case, supra, it is said:

"* * * While it is settled in this statute that the prisoner has the right to be so present during his trial upon a charge for a felonious offense not capital, there is neither principle, nor statute, nor judicial precedent that makes it essential that he shall be; nor, in our judgment, is there any common principle of justice, essential to the security of personal right, safety or liberty, that so requires. Unquestionably a party put to answer any criminal charge may plead guilty, or nolo contendere. In such case, he waives a trial altogether. The law allows him to do so, presuming that he has capacity and intelligence to know and be advised as to his rights and that he will not voluntarily refuse to make defense if innocent. The law in such cases will not compel him to make defense for himself, nor will it make defense for him. It will only afford him just opportunity to do so for himself. He could not reasonably expect or ask more, nor is there anything in the nature of personal safety or liberty that requires more. If the prisoner may thus waive his right to a trial altogether, why may he not waive his right to be present at his trial, if he shall, for any cause see fit to do so? We can conceive of no just reason why he may not, especially when he is represented by counsel, as he has the right to be, who, it is presumed, is fully advised by him, and can generally take care of his rights better than he could do himself. He may deem it of advantage to him not to be present, or it may be inconvenient for him to be. He may choose to rely upon the skill and judgment of his counsel, and expect that the court will see that the trial is conducted according to law, as it will always do. He may do this; but the waiver should appear to the satisfaction of the court, either expressly, or by reasonable implication from what he says, or by his conduct. His counsel cannot waive his right for him. State v. Epps, 76 N. C. 55;

State v. Paylor, 89 N. C. 539; State v. Sheets, 89 N. C. 543; Price v. State, 36 Miss. 531, 72 Am. Dec. 195; Fight v. State, 7 Ohio, pt. 1, page 180, 28 Am. Dec. 626, and numerous cases there cited."

A waiver of the right of accused to be personally present could be waived by her, but the waiver must have been the act of the accused expressed in person and not by counsel. The accused was not present during any part of the trial until brought in by process of the court two days after the verdict was received for judgment and sentence. Counsel for accused were without authority in the absence of accused to waive her presence. The trial in her absence was not waived by her and constitutes reversible error.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.