JOHN BOOKER, JR., *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Murder. Right of defendant to be present during trial.*

Where, on the trial of a murder case, an important state's witness was, by inadvertence, examined for several minutes in the absence of defendant and before he had been brought from jail, and the court upon discovering his absence stopped the proceedings, procured the prisoner's presence, and then excluded all the evidence taken in his absence, instructing the jury to wholly disregard it, and the witness was re-examined, testifying in all substantial particulars in defendant's presence as he had done in his absence, the defendant, upon conviction, will be entitled to a new trial, proper exceptions having been reserved.

2. SAME. *Course of procedure suggested.*

In such case the court should have offered defendant the entry of a mistrial and award of a *venire de novo.*

FROM the circuit court of, second district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Booker, appellant, was indicted, tried and convicted of the murder of one Bud Suggs and sentenced to the penitentiary for life, from which conviction and sentence he appealed to the supreme court. The opinion states the facts upon which the case was decided.

*J. W. Cutrer,* for appellant.

The presence of the accused, in a capital case, is absolutely necessary at every stage of the proceeding, in order that the verdict and sentence may be valid against him.

Heretofore, it has been necessary in this state that the record should show, affirmatively, the presence of the accused in court pending the trial, and unless the record did so show affirmatively, the judgment would be void. *Dyson* v. *State,* 26 Miss., 362.

This rule was afterwards changed to the extent that the presence of the accused, pending the trial, would be presumed, unless the record showed affirmatively that he was absent.

In this instance the record does show that the accused was absent pending the trial for at least thirty minutes.

It seems almost unnecessary labor to argue a proposition, or to cite authorities to this court in support of the proposition. The attention of the court, however, is called to the opinion of Justice Woods in the case of *Foster* v. *State,* 70 Miss., 755.

By no sort of reasoning can it be held that the judgment in the case at bar is valid. The constitutional right, guaranteed to appellant, to be confronted by the witnesses against him was violated in placing the witness, Robinson, upon the stand and interrogating him in the presence of the jury, during appellant's absence. The error is not merely a technical error, but is one fatal in its nature; it is of the gravest character, being of that character so well stated by Justice Whitfield in his opinion in. the case of *Ellerbe* v. *State,* 75 Miss., 522. "But where the defendant has been, as here, denied a right secured to him by the constitution and the laws of the land, in a matter going to the very constitution of the court trying him, we are compelled to reverse the case. In such cases, the interests of society, the stability of the laws, the due administration of justice demand a reversal. Disregard of fundamental right in the case of the guiltiest defendant, his conviction in violation of settled constitutional and legal safeguards, intended for the

protection of all, are not things which affect the particular defendant in a given case alone, but in their disastrous and far-reaching consequences, involve in future trials, the innocent and guilty alike, subvert justice and disorganize society. Guilt should be punished certainly and condignly, most assuredly; but guilt must be manifested in accordance with the law of the land, else some day the innocent, who are sometimes called to answer at the bar of their country, may come to find themselves involved in a common ruin, and deprived of the legal trial necessary to the vindication of their innocence."

Defendant's rights to be confronted by the witnesses against him was most assuredly violated, and he was tried for his life and liberty while incarcerated in jail, in the custody of the sheriff.

In *Foster's case*, the jury was in the car only two or three minutes, and during a part of that very brief time, the accused was not permitted to be present. The court said that under this indisputable fact, it could not be said that the accused was not denied the right to be present when the jury viewed the car, and the court held that he did have the right to be present.

The case was reversed, and a new trial awarded upon this ground.

Certainly the case at bar presents a more flagrant disregard and violation of appellant's rights than is presented by the record in the *Foster case*.

After a careful and painstaking search of all the authorities upon the question, counsel for appellant has been unable to find a single authority which even in the remotest degree tends to uphold the verdict and judgment in this case. On the other hand the authorities are numerous in holding that the judgment under the facts presented in this record is absolutely invalid. Cooley's Const. Lim. (5th ed.), 388; *Maurer* v. *People*, 43 N. Y., 1; *Adams* v. *State*, 10 So. Rep., 106; *Hopt* v. *Utah*, 110 U. S., 574; *Lewis* v. *United States*, 146 U. S., 370; *Kansas* v. *Smith*, 8 L. R. A., 774; *French* v. *Winsiscon*, 21

L. R. A., 402; *Utah* v. *Mannion,* 45 L. R. A., 638; *Gore* v. *Arkansas,* 5 L. R. A., 832; *McQuillam* v. *State,* 8 Smed. & M., 587; *Dyson* v. *State,* 26 Miss., 362; *Foster* v. *State,* 70 Miss., 755.

*William Williams,* assistant attorney-general for appellee.

We understand that under sec. 26 of the constitution of the state of Mississippi, and under the provisions of the constitution of the United States, in all criminal prosecutions, the defendant has a right to be personally present during the entire proceeding, from arraignment to sentence. This rule is announced in all of the authorities which we have been able to find on this subject.

The only ground upon which the state could ask this court to refuse to reverse this case, is that the accused was in no wise injured or hurt by his absence, during the time witness Robinson was under examination, as a witness against him. While it is true some testimony went to the jury in the absence of the accused, yet it is also true that the same witness underwent practically the same examination in the presence of the accused after the error was discovered, and corrected by having the accused brought into the presence of the court and the jury.

It is submitted that the interest of the appellant was in no wise prejudiced, and that he was in no way hurt by not being present during the time the witness Robinson was being examined, because the court immediately, upon the discovery of the absence of the accused, instructed the jury that they were not to consider anything that the witness Robinson had said in the absence of the accused, and directed the witness to be re-examined on all matters and things about which he had testified in the absence of the accused.

The accused was confronted by the witness, saw him and heard everything said by the witness that the jury were permitted, under the instruction of the court to consider in rendering a verdict for or against him.

If a trial court has the power (that it has, there can be no possible doubt) to rule out incompetent evidence that has gone to the jury in a criminal trial, and by an instruction to the jury that they are not to consider evidence erroneously permitted to be heard by them and thereby correct an error, why has it not the power to cure an error by instructing the jury not to consider testimony that was given in the absence of the accused ? ·

After a thorough investigation of the point presented in this case, we must confess that the only contention the state can make is condemned by the authorities. The court's attention is directed to *Jackson* v. *Commonwealth*, 19 Grattan's Rep. (Va.), 656.

CALHOON, J., delivered the opinion of the court.

On the reassembling of the circuit court after the noon recess, the examination of a state witness was resumed in the absence of the prisoner, who was on trial on an indictment for murder. The testimony of this witness, who saw the homicide, was quite important, and his examination in chief lasted or a time sufficient to take up three pages of typewritten record paper for the transcription of the notes of the stenographer. The examination in chief of the witness was concluded by the state, and three questions had been asked him by counsel for the prisoner, when the court discovered that the accused was not present, and thereupon the presiding judge stopped the proceedings until the sheriff brought him from the jail. Then the court told the jury not to consider anything said by the witness in the absence of the prisoner, and directed the trial to proceed, over the objection of the prisoner, who excepted, and the witness was re-examined *de novo* and cross-examined, giving substantially the same testimony as he had delivered in the absence of the defendant. This action of the court is one of the grounds of a motion for a new trial filed by the prisoner, which motion was overruled, and in this we think

there is fatal error.    The prisoner had the constitutional right
to be present, and formerly it was uniformly held that a con-
viction was void unless the record affirmatively showed his
presence.    Now, under the statute, his presence is presumed,
unless, as in this case, the record shows his absence.    The
authorities cited in the brief of counsel for appellant are con-
clusive of the question.    The attorney-general, with commend-
able frankness and fairness, concedes it, and, with a proper
and high conception of his real duty as an officer, himself pro-
duces a case, the facts of which are precisely the same as in
the case before us.    *State* v. *Greer*, 22 W. Va., 801.    In that
case the court said : " We will not inquire whether the prisoner
was unfavorably or otherwise affected by the cross-examination
of the witness in his absence.    He had the right to be present,
which he did not and could not waive.    He had the right to
observe every look, gesture, or movement of the witness while
he was testifying, and it matters not that the court excluded
the evidence and certified that it was repeated in his presence."
In the case in hand we think the court below should have
offered to the prisoner that a mistrial should be entered, and a
*venire de novo* ordered.    If this had been done and refused,
perhaps the trial might well have proceeded, but that case is
not before us.    As it is, the new trial should have been granted.

*Reversed and remanded for a new trial.*