WILLIAM SHERROD v. STATE OF MISSISSIPPI.

[47 South. 554.]

1. CRIMINAL LAW AND PROCEDURE. _Reception of verdict. Absence of accused._

  A defendant on trial for a crime other than a capital felony, who is on bond, may waive the right to be present when a verdict is received; but in capital cases the accused cannot waive the right, whether he be in jail or on bond, nor in felony cases not capital where he is in jail.

2. SAME. _Attorney cannot waive._

  The right to waive the presence of the accused when the verdict is received is personal, and cannot be exercised by attorney.

3. SAME. _Nature of right. Not constitutional._

  The right of a defendant in a criminal case to be present when the verdict is received, is not a constitutional right.

4. SAME. _Indictment for murder. Conviction of manslaughter._

  That one indicted for murder and on bond was convicted only of manslaughter does not cure error in receiving the verdict in his voluntary absence.

FROM the circuit court of Winston county.

HON. JAMES R. BYRD, Judge.

Sherrod, appellant, a negro, was indicted and tried for the murder of another negro, William Liddell, was convicted of manslaughter and sentenced to the penitentiary for five years, and appealed to the supreme court.

The opinion of the court states the facts.

_Jones & Jones,_ for appellant.

The court below erred in receiving the jury's verdict in appellant's absence. Appellant was charged with a capital offence, the punishment for which, on conviction thereof, would have been death or imprisonment for life. At common law it is essential to a valid trial and conviction on any felony charge that

the defendant shall be personally present, not only when arraigned, but at every subsequent stage of the trial. *Rolls v. State,* 52 Miss. 391; *State v. Kelly,* 2 Am. St. Rep. 299; *Long v. State,* 52 Miss. 23, 37 Am. St. Rep. 643; *Lewis v. United States,* 146 U. S. 370; *Booker v. State,* 81 Miss. 391, 33 South. 221.

In felonies not capital the courts make an exception to the foregoing rule in those cases where the defendant is on bond and absconds or voluntarily absents himself at the time the verdict is received.

In the present case the circuit court adjourned, or ordered a recess, late in the afternoon, the circuit judge stating that the court would receive the jury's verdict if they should have agreed by a certain hour of the night. The jury returned a verdict about nine o'clock that night, and after the appellant had gone to the home of a relative to spend the night. The verdict was received in his absence, and a forfeiture was taken on his bond. Certainly the absence of the appellant at such time of night was not such wilful absence as would waive his constitutional right to be present at the time when the court received the verdict. The court should have had the jury retire, and then have sent for appellant, or at least have given appellant a reasonable time in which to be present. The charge was murder, and no authority can be found which sanctions the court's receiving a verdict in such case in the defendant's absence. That the jury found appellant guilty only of manslaughter cannot change the rule.

In the case of *Rolls v. State, supra,* Simrall, J., said: "The defendant must be personally present during the progress of the trial in cases of felony, especially those in which the punishment may be capital. He must be present during the empanelling of the jury, the delivery of the testimony, the rendition of the verdict, the hearing of the motion for a new trial and in arrest of judgment when the sentence is pronounced." To the same effect are 1 Bishop Crim. Proc. 275; 12 Cyc. 527, ref. "c".

*George Buller,* assistant attorney general, for appellee.

It is contended by appellant, as the principal ground for reversal of the judgment of the lower court, that appellant was not present in court when the jury's verdict was received. It will however be noted that appellant had been present throughout the trial, and, after the jury retired to consider the case, he voluntarily absented himself from the court room, he being on bond; and when the jury returned their verdict into court it was appellant's own fault that he was not present. In this condition of affairs, the court below adjudged his bond forfeited, received the verdict and polled the jury, appellant's rights being protected as fully as if he were present.

If he absented himself purposely, his act was unlawful, and he should not be heard now to complain. *Price v. State,* 36 Miss. 531; *Stubbs v. State,* 49 Miss. 716; *Finch v. State,* 53 Miss. 363; *Gales v. State,* 64 Miss. 105, 8 South. 167.

The crime of which appellant was convicted was not capital, hence his presence might be waived by his voluntary absence or by his absconding. 12 Cyc. 527.

WHITFIELD, C. J., delivered the opinion of the court.

The appellant was indicted for murder, and convicted of manslaughter, and sentenced to five years in the pententiary.

At the time of the trial appellant was on bond, but present during the progress of the trial until the case was given to the jury, when he voluntarily absented himself and went into the country to spend the night, as he says, though the court announced in his presence before the jury that if a verdict should be agreed upon before 11 o'clock that night he would return to the courthouse and receive it. About 8:30 o'clock the jury came in to render their verdict, and the appellant could not be found. The verdict was received in his absence and this is assigned for error. It will thus be seen that this is an indictment charging a capital offense, and that the appellant's absence when the verdict was received was voluntary; that he was not in jail,

and thus subject to the power of the court to have him present.

The learned assistant attorney general, in endeavoring to save the case, cites four authorities: ·Gales v. State, 64 Miss. 105, 8 South. 167; but that was an indictment for assault with intent to kill and murder, not a capital charge at all, and is not in point. Finch v. State, 53 Miss. 363; which was an indictment for grand larceny, and is also not in point. Stubbs v. State, 49 Miss. 716, in this case the indictment was for murder, but the case is not in point here, for the reason that Stubbs was in jail, and not on bond, in which respect, the Stubbs case is not like the Finch case, supra. Finch also was in jail when the verdict was received. Price v. State, 36 Miss. 531, 72 Am. Dec. 195; but that was an indictment for assault with intent to kill and murder, and is therefore not in point.

In this case it was held, the case not being a capital one, that ·since the defendant was on bond, and had voluntarily absented himself, he could not complain of the verdict having been re-·ceived in his absence. He was present when the trial began, and when the case was put to the jury, but absconded before the verdict was rendered. It will thus be seen that, of the four ·cases cited by the learned assistant attorney general, only one was a case where there was an indictment for murder, and in that case the judgment was reversed, because defendant was not present when the verdict was received, he being in jail at the time, and the reasoning of the court would indicate that it would have been reversed for that reason whether he was in jail ·or out of jail, though that is not expressly stated; the charge being a capital one. We have no case exactly like this in which there was an indictment for murder, and the defendant, being ·on bond, voluntarily absented himself when the verdict was re-turned, having been present throughout the trial up to that time.

We have most carefully examined all authorities cited on both sides, and many more, and as a result of this examination we announce the following conclusions:

First. In the trial of all felonies, not capital, where the defendant is on bond, and has been present throughout the delivery of the testimony, up to the rendition of the verdict, but is absent at the rendition of the verdict voluntarily, he will not be permitted to avail himself of his own wrong in being thus voluntarily absent, but the verdict may be properly received in his absence. In other words, he may waive the right to be present when the verdict is received, which is not, as seems popularly supposed, a constitutional right, though a very sacred right, secured by the common law as well as by statute.

Second. Wherever the charge is a capital one, the courts have held uniformly, in *favorem vilæ,* that the defendant cannot waive his right to be present, and that whether he be in jail, subject to the power of the court to produce him, or on bond, it is fatal error to receive the verdict in his absence.

Third. Even in felonies not capital, if the defendant be in jail when the verdict is received, it is fatal error.

Fourth. In cases not capital, the right of the defendant, where he is on bond, to waive his own presence when the verdict is received, is strictly his personal right, and no such waiver can be exercised for him by his own counsel.

These four propositions are clearly sustained by an overwhelming weight of authority. Indeed, we have found no case anywhere holding that, where the charge is a capital one, the defendant's failure to be present at the time the verdict is rendered is not fatal error, whether he be in jail or whether he be on bond. We will refer briefly to a few of the authorities.

In support of the first proposition above we cite the cases cited by the learned assistant attorney general, *supra,* except the *Stubbs case,* Bishop's New Criminal Procedure, vol. 1, § 273, and the learned note of Mr. Freeman in 28 Am. Dec. 630, 631. In this note he points out the two lines of authorities holding, the one that the record must affirmatively show the presence of the prisoner when the verdict is received, which is the rule in Mississippi (*Kelly v. State,* 3 Smedes & M. 518),

and the other rule, which he pronounces the better rule, which he declares in these terms: "In view of the fact that the appellate court will not presume error on the part of the court below, it seems somewhat difficult to perceive the justice of these decisions. The doctrine best supported by authority, and, as it seems to us, best sustained by reason, is that where the record shows that the accused was present at the commencement of his trial, and nothing to the contrary appears therefrom, it will be presumed that he was present at every subsequent stage of the proceeding down to the rendering of the final judgment of the court." In *Rolls v. State,* 52 Miss. 395-397, the record was silent as to whether the defendant was present when his motion to set aside the judgment and sentence was heard; but it stated that he made that motion in person, and the court concluded from this that he was personally present, although there was no affirmative express recitation to that effect in the record. This case supports the first proposition above clearly, and the court pronounces that holding to be "the rule of safety." Mr. Freeman in the note just above referred to, quotes that great judge, Chief Justice Gibson, as saying, in *Prine v. Commonwealth,* 18 Pa. 105, that "the right of a prisoner to be present at his trial is inherent and inalienable;" and Mr. Freeman pronounces this an extreme statement of the law, and deduces the correct rule to be, as stated in the first proposition above, that the accused may waive that right, where he 'voluntarily absents himself during the progress of the trial, meaning in cases not capital. The case of *Booker v. State,* 81 Miss. 395, 33 South. 221, 95 Am .St. Rep. 474, also supports the first proposition fully, though that is properly put upon the higher constitutional right the prisoner had to be confronted by the witnesses against him. The right to be present when the verdict is received is not a constitutional right, but a very sacred legal right, which may, as indicated, be waived under the conditions stated in the first proposition. These authorities just referred to abundantly support the first proposition, *supra.*

Coming, now, to the second proposition, we think that clearly settled by the authorities. The *Stubbs case,* 49 Miss. 716, is a clear authority for the second proposition. *Scaggs v. State,* 8 Smed. & M. 723, in principle also supports the second proposition. In *Dyson v. State,* 26 Miss. 362, the indictment was for murder, and the court, at page 383, in commenting on the principle under discussion stated: "Out of abundant tenderness for the right, secured to the accused by our constitution, to' be confronted by the witnesses against him and to be heard by himself or counsel, our court has gone a step further, and held that it must be shown by the record that the accused was present in court pending the trial. This is upon the ground of the peculiar sacredness of this high constitutional right. It is also true, as has been held by this court, 'that nothing can be presumed for or against a record, except what appears substantially upon its face.' But this rule has reference to those indespensable requisites necessary to the validity of the record as a judicial proceeding, and can have no application to those incidental matters which transpire during the progress of the proceeding in the court." Among those "indispensable requisites" the court placed the rendition of the verdict. This case is approved in *Lewis v. United States,* 146 U. S. 374, 13 Sup. Ct. 137, 36 L. Ed. 1013, and that court pointed out the important fact, as to the question of the right of defendant to waive his presence in a capital case, that "the public had an interest in his life and liberty," as well as himself, citing 1 Blackstone's Commentaries, 133; the court holding in the case of Lewis that it was not in the power of the prisoner, by himself or his counsel, to waive the right to be personally present during the trial, and, further, that the record must show affirmatively the prisoner's presence in court. But it must be remembered that this language was used with reference to an indictment for murder, and not a felony not capital, though it must be confessed the language of the court does not itself draw this distinction; the court apparently holding squarely that this would be true in the case of all

felonies. We think the statement in the *Dyson case, supra,* as to its being a constitutional right, must be understood with reference to the confrontation of the witnesses by the accused, guaranteed by the constitution, and not to the right merely to be present when the verdict is received, which is not a constitutional right. In *State v. Jenkins,* 84 N. C. 814, 37 Am. Rep. 644, the great Judge Ruffin said, in a case of arson, not capital, that: "In every criminal prosecution it is the right of the accused to be informed of the accusation against him and to confront his accusers. In capital trials this right cannot be waived by the prisoner, but it is the duty of the court to see that he is actually present at each and every step taken in the progress of the trial. *State v. Blackwelder,* 61 N. C. 38; *State v. Craton,* 28 S. C. 164. In prosecutions for lesser felonies, the accused has exactly the same rights. *State v. Bray,* 67 N. C. 283. Whether the right can be waived in such cases is a point about which the authorities seem to be still divided; some holding his actual presence to be necessary during the entire trial, and others that, being a right personal to the accused and established for his benefit, it might be waived by him."

By far the clearest and best authority we have anywhere found on this subject is the case of *State v. Kelly,* 97 N. C. 404, 2 S. E. 185, 2 Am. St. Rep. 299. We quote as follows: "That the prisoner in capital felonies has the right to be, and must be, personally present at all times in the course of his trial, when anything is done or said affecting him as to the charge against him on the trial in any material respect, is not questioned. Indeed it is conceded that he has such right, and that he must be so present. *State v. Craton,* 28 N. C. 164; *State v. Blackwelder,* 61 N. C. 38; *State v. Bray,* 67 N. C. 283; *State v. Jenkins,* 84 N. C. 812, 37 Am. Rep. 643. As to felonies less than capital, the prisoner has precisely the same right to be present, but it is not essential that he must be at all events. In the case last cited, Mr. Justice Ruffin said, in reference to the prisoner's right to be present: 'Whether the right can be

waived in such cases is a point about which the authorities seem to be still divided; some holding his actual presence to be necessary during the entire trial, and others that, being a right personal to the accused and established for his benefit, it might be waived by him.' The rule that he must be so present in capital felonies is in *favorem vitæ*. It is founded in the tenderness and care of the law for human life, and not in fundamental right— certainly not in this state, as seems to be supposed by some persons. The constitution (article 1, §§ 11-13) provides, in respect to persons charged with crime, that 'in all criminal prosecutions, every man has the right to be informed of the accusation against him, and to confront the accusers and witnesses with other testimony, and to have counsel for his defense;' that he shall be put to answer for a criminal charge only 'by indictment, presentment, or impeachment,' except in cases of petty misdemeanors, and he shall not be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court.' These embrace all the provisions of the constitution bearing upon the subject, and surely they cannot be reasonably interpreted to imply that it is essential that the party 'put to answer any criminal charge' shall—must—be continuously present at his trial at all events.     They do not have such meaning, in terms or effect.     The just and reasonable implication is that the party accused of crime shall have fair opportunity to defend himself in all respects as allowed and secured by the principles of law, procedure, and statutory provisions applicable to and regulating criminal trials.     While it is settled in this state that the prisoner has the right to be so present during his trial upon a charge for a felonious offense not capital, there is neither principle, nor statute, nor judicial precedent that makes it essential that he shall be; nor, in our judgment, is there any common principle of justice, essential to the security of personal right, safety, and liberty, that so requires.     Unquestionably a party put to answer any criminal charge may plead guilty, or *nolo contendere*.     In such case, he waives a trial alto-

·gether. The law allows him ·to do so, presuming that he has ·capacity and intelligence to know and be advised as to·his rights ·and that he will not voluntarily refuse to make defense if in-·nocent. The law in such cases will not compel him to make de-·fense for himself, nor will it make defense for him. It will ·only afford him just opportunity to do so for himself.· He could ·not reasonably expect or ask more, nor is there anything in the nature of personal safety or liberty that requires more. If the prisoner may thus waive his right to a trial altogether, why may he not waive his right to be present at his trial, if he shall, for any cause see fit to do so? We·can conceive of no just rea-·son why he may not, especially when he is represented by coun-·sel, as he has the right to be, who, it is presumed, is fully ad-·vised by him, and can generally take care of his rights better than he could do himself. He may deem it of advantage to him not to be present, or it may be inconvenient for him to be. He may choose to rely upon the skill and judgment of his counsel, and expect that the court will see that the trial is conducted ac-·cording to law, as it will always do. He may do this; but the waiver should appear to the satisfaction of the court, either ex-pressly, or by reasonable implication from what he says, or by his conduct. His counsel cannot waive his right for him. *State v. Epps,* 76 N. C. 55; *State v. Paylo,* 89 N. C. 539; *State v. Sheets,* 89 N. C. 543; *Price v. State,* 36 Miss. 531, 72 Am. Dec. 195; *Fight v. State,* 7 Ohio 180, pt. 1, 28 Am. Dec. 626, and numerous cases there cited."

That court further says, speaking of the right of a defend-ant to waive his presence in offenses not capital, when the ver-dict is received: "In such cases, if the defendant fly, pending the trial, the court is not bound to stop the trial and discharge the jury (that is, where the defendant on a charge less than a ·capital one is on bail) and thus give the defendant a new trial. To do so would compromise the dignity of the court, trifle with the administration of justice, and encourage guilty parties to ·escape. The defendant has no right, fundamental or otherwise,

that renders such absurd practice and procedure necessary."
It will thus be seen that the second proposition above is sup-
ported by two authorities in our own state, the *Stubbs case* and
the *Scaggs case,* both cases of murder, and by many authorities
which we have cited elsewhere, including the supreme court of
the United States.

The third proposition above is also thoroughly well-settled,
and is directly held in the case of *Finch v. State,* 53 Miss. 365,
Finch, though indicted for only grand larceny, was nevertheless
allowed to make the point that the verdict was received in his
absence, because he was in jail, and it was the duty of the court
to exercise its power and have him present when the verdict
was received.

The fourth proposition above set forth is supported by the
case just quoted from, *State v. Kelly, supra,* and by all the au-
thorities.    Mr. Freeman, in his note to *Fight v. State,* 28 Am.
Dec. 630, says:  "The waiver must be the act of the accused
himself, and not that of his counsel.    *People v. Perkins,* 1
Wend. 91; *Rex v. Streek,* 2 Car. & P. 413; *Rose v. State,* 20
Ohio 31.    And his absence must be due to his own voluntary
act; for, if he is prevented from being present by being con-
fined in jail, proceeding with the trial in his absence will be
an irregularity for which a new trial will be granted."

So that we regard the four propositions which we have stated
as abundantly settled, both on principle and authority.    Of
course, it is entirely immaterial that the verdict in this case
was for manslaughter.    The test is, Was the charge in the in
dictment a capital one.    It is curious to note, in passing, that
in Tennessee it has been held that the absence of the prisoner,
even when due to his having made his escape, in a felony, not
capital, deprives the court of jurisdiction to proceed with the
trial at all.    *Andrews v. State,* 2 Sneed (Tenn.) 550.

The judgment is reversed, and the cause remanded.

*Reversed.*