ELMORE WARFIELD v. STATE OF MISSISSIPPI.

[50 South. 561.]

CRIMINAL LAW AND PROCEDURE. *Murder. Trial. Absence of defendant.*
The absence of the defendant, on trial for murder, during a part of
the time the jury was being impaneled, is fatal error.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Warfield, the appellant, was indicted and tried for the mur-
der of his wife, was convicted, sentenced to the penitentiary for
life, and appealed to the supreme court.

The opinion of the court sufficiently states the facts. The
affidavit of Maganos, read on the hearing of appellant's motion
for a new trial, referred to in the opinion, affirms that the affiant,
having been summoned as a special venire-man, was present in
court (although not impaneled on the jury) during the trial of
appellant, and that at one stage of the trial, when the court was
asking the jurors in the box whether or not they had been mem-
bers of the grand jury which indicted the prisoner, the prisoner
was not in the court room or in the presence of the court.

The judgment of the court below was by the supreme court affirmed, no written opinion being delivered, but, on suggestion of error the case was again considered, and the affirmance set aside as shown in the opinion.

*R. L. C. Barrett,* for appellant.

Appellant was convicted of murder. Being tried on a capital charge, he was entitled to be protected in all of his legal rights. Being an ignorant negro, the constitutional requirement that he be given a fair trial applies with possibly more force than if he were an intelligent, able, and influential white man.

As shown by the affidavit of a reputable person appellant was not in the court room when the jury was being impaneled. This constitutes reversible error. *Sherrod v. State,* 93 Miss. 774, 47 South. 554; *Rolls v. State,* 52 Miss. 391.

*George Butler,* assistant attorney-general, for appellee.

Appellant was convicted of the atrocious murder of his wife, was ably represented in the court below, and may be thankful that he was sentenced to life imprisonment instead of to be hanged. Whether his absence from the court room, when the jury was being impaneled, constitutes reversible error is respectfully referred to this court for its determination.

WHITFIELD, C. J., delivered the opinion of the court.

It is shown by the affidavit of Maganos that the defendant was out of the court room during a part of the time the petit jury was being impaneled. The district attorney did not see proper to introduce any counter affidavit, nor was there cross-examination of the witness Maganos. It, therefore, on this record, remains true that the defendant was not in the court room during a part of the very important proceeding of impaneling the jury. Under the authority of *Sherrod v. State,* 93 Miss. 774, 47 South. 554, 20 L. R. A. (N. S.) 509, and various other authorities cited therein, this was fatal error.

Wherefore the suggestion of error is sustained, the former judgment of affirmance vacated and set aside, and the judgment of the court below is reversed, and the cause remanded for a new trial.                                                   *Reversed.*