### JAMES McLENDON v. STATE OF MISSISSIPPI.

#### [50 South. 864.]

CRIMINAL LAW AND PROCEDURE. *Murder. Trial. Absence of defendant.*

Where the defendant, on trial for murder, during a suspension of the trial was carried from the court room, on his request, to a toilet room in the court house yard, and during his absence the trial was resumed and an important witness for the state examined, there was fatal error.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

McLendon, appellant, was indicted for the murder of one Frank Newman, convicted, sentenced to the penitentiary for life, and appealed to the supreme court. The opinion of the court sufficiently states the facts.

*Price & Whitfield,* and *R. S. Stewart,* for appellant.

During the trial, and before the state had closed its case, there was a temporary suspension of proceedings in order for the different members of the jury to go to the water closet out in the court yard. Appellant made request that he be also allowed to go to the closet to relieve himself, and accordingly he was allowed, under the escort of a deputy sheriff, to go out into the court yard and there wait until the members of the jury had come out from the water closet, when he himself entered it; the jury in the meantime returning to the court room. Immediately upon their return, and while the appellant was yet absent, the court proceeded with the trial, the district attorney resuming the examination of a state's witness, Jacobs, an eye-witness of the homicide. The examination in chief of this witness was practically finished when the appellant and the deputy sheriff returned and entered the courtroom. The water closet was some two hundred feet away from the courthouse.

On motion for new trial, based principally upon such absence of the appellant from the courtroom during the trial the court below held that "one who is being tried for murder and who, being in the custody of the sheriff, asks to be attended by the sheriff to the water closet to attend the calls of nature, and so leaves the courtroom, voluntarily, absents himself, and cannot complain if any evidence is adduced and the case proceeded with by the state in his temporary absence. His presence is a matter which he can waive, and which in this case defendant did waive." We quote this from the record. The learned trial judge of the court below, however, erred in asserting such to be the law. Bishop New Crim. Proc. 1194; 11 Cyc. 524; 6th Amend. U. S. Constitution; sec. 26, Miss. Constitution; *Cales v. State,* 64 Miss. 105; *Foster v. State,* 70 Mss. 755; *Ellerbe v. State,* 75 Miss. 522; *Lipscomb v. State,* 76 Miss. 223; *Lewis v. United States,* 146 U. S. 270; *Gore v. State,* 5 La. Ann. Rep. 832; *Sherrod v. State,* 93 Miss. 774, 47 South. 554; *Warfield v. State,* 96 Miss. 170, 50 South. 561.

*George Butler,* assistant attorney-general, for appellee.

The learned court below held that, under the circumstances, appellant's voluntary act in leaving the courtroom during the trial, with permission of the court and in the company of a deputy sheriff, estopped appellant from relying on the same to grant him a new trial. But it would seem that, under the holding of this court in *Sherrod v. State,* 93 Miss. 774, 20 L. R. A. (N. S.), 509, such action of the court below was error, I would respectfully urge this court, in this case, to reconsider the legal question decided in the *Sherrod case, supra,* and place the matter beyond further dispute. In *Booker v. State,* 81 Miss. 391, and in the recent case of *Warfield v. State,* 96 Miss. 170, 50 South. 561, the court has had the question before it. In *Drane v. State,* 92 Miss. 180, it was held that a similar error was cured by the court's tendering the defendant a mistrial.

No objection of any kind was made by appellant's counsel to the prior absence of appellant at the time when, or immediately after, appellant and the deputy sheriff returned to the courtroom. In *Short v. State,* 82 Miss. 473, approving *Arbuckle v. State,* 80 Miss. 16, it was said: "All of the exceptions specially taken must be taken at the time proper for such exceptions to be made, looking to the nature of the exception."

*Jesse B. Webb,* on the same side.

Unless the court shall deem it necessary to reverse the judgment and remand this case because of the voluntary absence of the appellant from the courtroom for a few moments during the trial, it must, in justice to the state and to the deceased victim of appellant's malice, uphold the verdict of the jury and judgment of the learned court below.

The appellant was clearly shown to have been guilty of a most atrocious murder, and he may be thankful that he escaped a sentence of death, under the circumstances.

WHITFIELD, C. J., delivered the opinion of the court.

During the trial of this case, and while the state was introducing its evidence, the case being an indictment for murder, there was a temporary suspension of the trial, in order that the jury might go to the closet down in the court yard. The defendant, who was in custody of the sheriff and in jail during the entire trial, and at the time asked to be carried to the closet, was carried down out of the courthouse to the court yard, and there waited, in charge of the sheriff, until the jury vacated the closet. He was then carried into the closet, and the jury, in charge of the bailiffs, immediately returned to the courtroom. Immediately upon the arrival of the jury in the courtroom the court proceeded with the trial, and the district attorney proceeded with the examination of the state's witness, Jacobs, and continued his examination until he was perhaps one-half through with the testimony of this witness; the appellant

during all this time being absent from the courtroom in the custody of the sheriff, in the closet down in the court yard, something over two hundred feet from the courthouse itself. The witness Jacobs was a most vital witness, an eyewitness, and was detailing the fight and all the attendant circumstances during this absence of the appellant. When this witness had gotten about half through with his testimony, the sheriff brought appellant back into the courtroom.

In the recent case of *Sherrod v. State,* 93 Miss. 774, 47 South. 554, 20 L. R. A. (N. S.) 509, we made a careful review of all the decisions in this state and elsewhere on this subject, and attempted to set this matter at rest for the future in this state. It is perfectly idle to go over that ground again.

The error is manifestly fatal, the judgment is reversed, and the cause remanded.                                    *Reversed.*