JOHN STANLEY V. STATE OF MISSISSIPPI.

[35 South. 497.]

CRIMINAL LAW AND PROCEDURE. *Murder. Right of defendant to be present at trial. Cannot waive.*

A defendant on trial for murder has a constitutional and non-waiveable right to be present at every stage of the trial; and the inadvertent examination of a witness, in his absence while confined in jail, requires the award of a new trial, notwithstanding his silence when the court, being advised of the fact, offered to have the case withdrawn from the jury and the award at once of a new trial if the defendant desired that course of procedure.

FROM the circuit court of, first district, Carroll county.

HON. GEORGE A. MCLEAN, Judge.

Stanley, appellant, was indicted and tried for the murder of one Henry Hill, was convicted of manslaughter, sentenced to the penitentiary for ten years, and appealed ot the supreme court.

The opinion of the court states the facts of the case.

*W. S. Hill,* for appellant.

The appellant, during the trial, was in the custody of the sheriff, and during the recess of the court he was kept in the county jail, being brought into court and taken out by the proper officer at proper times. On the convening of the trial court after a recess taken for dinner, during the progress of appellant's trial, the sheriff failed to produce the appellant promptly, yet the court below ordered the examination of witnesses to proceed, appellant's absence being unnoticed. One witness, Phoebe Anne Hill, was placed upon the stand for further examination, and the examination had continued for some time, when it was discovered that appellant was not present in the court room. Thereupon the trial court stopped the proceedings, ordered the appellant brought into court, and then had read to the jury in

the appellant's presence the official stenographer's notes of the testimony of the above mentioned witness. Upon objection by appellant's counsel, this reading of the stenographer's notes was excluded from the jury, and the testimony of Phoebe Anne Hill was then repeated by her on the trial in the presence of the appellant. The court below offered to enter a mistrial and to try the case *de novo,* or proceed with the present trial, just as counsel for appellant desired. Counsel for appellant stated to the court that he had no suggestions to make to the court and that the court could take such action as it saw fit; and that appellant did not waive any rights which he might be entitled to on account of this irregularity in the trial.

This was incurable error. *Foster v. State,* 70 Miss. 755; *Booker v. State,* 33 South. 221; *Sherrod v. State,* 93 Miss. 774.

*Carl Fox,* assistant attorney general, for appellee.

Under section 26 of our constitution, the defendant has a right "to be heard by himself or counsel, or both, to demand the nature of the accusation, and to be confronted by the witness against him." Phoebe Anne Hill was appellant's own witness; not a witness against him, and she was being examined by appellant's counsel, while appellant was absent from the court room. Appellant, under the circumstances, cannot claim that he has been denied any constitutional right, nor is it necessary for the appellee to prove that appellant waived any right given to him by the constitution.

This witness, Phoebe Anne Hill, was asked and answered only six questions during appellant's absence; and not one of the questions or answers could be construed unfavorably towards appellant.

Appellant was being tried for a capital offense, but he was not convicted of such. In view of the result of the trial convicting him of manslaughter, it was the same as if he had originally been charged with such a crime.

In the *Sherrod* case, 93 Miss. 774, the defendant was absent

when the verdict was received. In the case at bar appellant was present when the verdict was received. This appellant, defendant in the court below, had an impartial trial; the evidence offered to prove his guilt was sufficient to warrant the verdict.

McLain, C.

The appellant was tried in the circuit court of the first district of Carroll county on an indictment charging him with murder, and was convicted of manslaughter, and sentenced to the penitentiary. From this judgment the defendant appeals to this court.

There are several assignments of error, but we will only consider the fourth assignment, which is as follows: "Because, on convening of court, after the noon recess, the witness Phoebe Anne Hill was examined under the direction of the court, in the presence of the jury, and in the absence of the defendant, who was then in jail, in the custody of the sheriff." It appears from the record that, on the reassembling of the circuit court after the noon recess, the examination of Phoebe Anne Hill, a witness for the defendant, was begun before the jury, and had proceeded at some length, when the court's attention was called to the fact that the prisoner was absent. The following then occurred, as it appears from the record: "At this point, by order of the court, the jury returned to their room, beyond the hearing of the court. The court here states to counsel for the defendant that he will withdraw the case from the jury, and impanel a new jury, and let the case proceed to trial *de novo,* if he demands it, inasmuch as these questions were asked this witness in the absence of the defendant." Counsel for the defendant stated to the court that he "has nothing to say in the matter, and no suggestion to offer, but waives no right of the defendant in the premises." The court states that he was unaware of the defendant's absence, and in view of the fact that these questions were asked the witness in the absence of the defendant, and inasmuch as no possible

harm could have been done this defendant, and the court having given counsel and defendant an opportunity for a trial *de novo,* and they declining to make any suggestions to the court, or waive any right, the court here instructs the district attorney to proceed with the examination of this witness, and here will, in the presence of the jury, instruct the jury that they disregard any statements that have been made by the witness since court convened." The jury returned in open court, and the court instructed the jury to disregard all that had been said by the witness, Phoebe Anne Hill. He then instructed the stenographer to read all the questions and answers thereto that had been asked Phoebe Anne Hill during the absence of the prisoner, which was done. The defendant objected to this, "for the reason that the jury had heard the witness testify, and the jury are the judges of the evidence solely from the witness, and not from the stenographer's notes." This is substantially what occurred upon this point.

We think the court committed an error in proceeding with the trial under these circumstances. A mistrial should have been entered, and a trial *de novo* ordered. The prisoner had a constitutional right to be present. In the case of *Booker v. State,* 81 Miss. 391, 33 South. 221, 95 Am. St. Rep. 474, the court quoted with approval from *State v. Greer,* 22 W. Va. 801, as follows: "We will not inquire whether the prisoner was unfavorably or otherwise affected by the cross-examination of the witness in his absence. He had the right to be present, which he did not and could not waive. He had the right to observe every look, gesture, or movement of the witness while he was testifying, and it matters not that the court excluded the evidence and certified that it was repeated in his presence." We approve the above. In the above-mentioned case of *Booker v. State,* the facts of which were similar to this case, the court did say: "In the case in hand, we think the court below should have offered to the prisoner that a mistrial should be entered, and a trial *de novo* ordered. If this

had been done, and refused, perhaps the trial might well have proceeded; but that case is not before us."

This expression of the court rather suggests the course pursued by the learned trial judge in this case, and he evidently undertook to do what he believed the court suggested might properly have been done in that case; but this was error. That expression of the court is mere dictum, and does not undertake to lay down any rule, but merely intimates that it might have been proper, without saying that it was or was not the proper course to pursue. To put the interpretation upon those words of the court that the trial judge below did is not the law, even though the words would bear that construction given to it by the learned trial judge. We do not know from the record that the trial judge had these words of the court, as above quoted, in his mind; but it is fair to presume he did, as it is evident he pursued the course suggested by the expression. The most recent utterance upon this question was pronounced by this court in the case of *Sherrod v. State,* 93 Miss. 774, 47 South. 554, 20 L. R. A. (N. S.) 509. This principle was thoroughly discussed by Judge Whitfield. In that case, he discussed every phase of this question, and among other things he said: "Wherever the charge is a capital one, the courts have held uniformly, in *favorem vitæ,* that the defendant cannot waive his right to be present, and that whether he be in jail, subject to the power of the court to produce him, or on bond, it is fatal error to receive the verdict in his absence."

We think the judgment should be reversed and cause remanded.

Per Curiam. For reasons above set forth by the commissioner, the judgment is reversed and cause remanded.