## MOSCOW SADLER v. STATE OF MISSISSIPPI.

[53 South. 783.]

CRIMINAL LAW. *Trial. Presence of defendant.*

In a trial for murder, it is reversible error for the defendant to be absent during the examination of a witness for the state, and this is not cured by having the stenographer read to the defendant the questions and answers propounded in his absence.

APPEAL from the circuit court of Lee county.

HON. J. H. MITCHELL, Judge.

The appellant, Moscow Sadler, was indicted and tried upon a charge of murder and at the February, 1910, term of the circuit court of Lee county was convicted of manslaughter and sentenced to twenty years in the penitentiary.

The appellant was unable to give bond and during the progress of the trial was in the custody of the sheriff and confined in jail when his presence was not demanded in the court room. On the morning of the second day of the trial the witness Aus Foster was recalled by the state and testified at some length to certain material testimony. At the close of his examination in chief upon this occasion, it was discovered that the defendant was not in the court room, but was in jail. Thereupon the court directed the sheriff to bring the defendant into court which was done. Thereupon the defendant's counsel moved the court to discharge the defendant which motion was overruled and the district attorney directed to proceed with the case, to which defendant excepted. By order of the court the stenographer then read to the jury the questions and answers of said witness, the defendant then being present. To all of which defendant objected.

98 Miss.—26

After the testimony was all in the defendant moved the court to enter a mistrial and award the defendant a *venire de novo* which motion was overruled and excepted to. The case was presented to the jury and verdict, etc., as above.

*Clayton, Mitchell & Clayton,* for appellant.

We do not think there is anything in the first assignment of error. The second, third, and fourth assignments of error are practically the same and we shall discuss them as one.

This assignment of error presents to the court a question that has so many times been decided by this court that it has said: "Should have been set at rest for the future" adding that "it is perfectly idle to go over that ground again." *McLendon* v. *State,* 50 So. Rep. 865.

We regret to disturb the court again but we shall have to ask that this "beaten path" be traveled once more.

The record shows that this trial proceeded in the absence of the accused for several minutes. As a matter of fact counsel for the defendant first discovered his absence and called the attention of the court to it. The testimony was material and was that of the principal witness for the state. As to the nature of the testimony we refer the court to the record at page 43. This testimony was as to a very important fact and one which the witness had not testified to upon his first examination.

In our view of the case it was the duty of the court upon its own investigation to have offered defendant a mistrial and awarded him a venire *de novo*. *Booker* v. *State,* 81 Miss. 395.

But instead of doing this the court overruled defendant's motion to that effect and proceeded with the trial. *Booker* v. *State,* 81 Miss. 395.

This case is very much like the one at bar. In that case the accused was out of the presence of the court for

only a short period, yet the court said in that case (page 396):

"The prisoner had the constitutional right to be present and formerly it was held that a conviction was void unless the record affirmatively showed his presence. Now, under the statutes, his presence is presumed, unless, as in this case, the record affirmatively shows his absence . . . the attorney-general with commendable frankness concedes it and with a proper and high conception of his real duty as an officer himself produces a case, the facts of which are precisely the same as the case before us. *State* v. *Greer*, 22 W. Va. 801. In that case the court said: "We will not inquire whether the prisoner was unfavorably or otherwise affected by the cross-examination of the witness in his absence. He had the right to be present which he did not and could not waive. He had the right to observe every look, gesture or movement of the witness while he was testifying and it matters not that the court excluded the evidence and certified that it was repeated in his presence." In the case at hand we think the court below should have offered to the prisoner that a mistrial should be entered and a venire *de novo* ordered.

It will at once appear that our court sanctioned the holding of the West Virginia court to the effect that it was not a matter of the materiality of the testimony heard in the absence of defendant or whether it was favorable or unfavorable. None of these things can be considered because by the law of the land every person charged with crimes has the right to be confronted by the witnesses against him and this right cannot be waived.

The court will keep in mind the fact that this defendant was tried upon a *capital charge.*

The sacredness of this right of confrontation is thus forcibly expressed by Justice Whitfield in the case of *Ellerbe* v. *State*, 75 Miss. 522:

"In such cases the interests of society, the stability of the laws, the due administration of justice demand a reversal. Disregard of fundamental right in the case of the guiltiest defendant, his conviction in violation of settled constitutional and legal safeguards, intended for the protection of all, are not things which affect the particular defendant in a given case alone, but in their disastrous and far reaching consequences involve, in future trials, the innocent and guilty alike, subvert justice and disorganize society."

The case of *Sherrod* v. *State,* 47 So. Rep. 554, gives an extended discussion of the question involved in this case. That case was one in which the defendant was not present when the verdict was rendered and the court said that while the Constitution did not compel the defendant to be present at this state of the trial, yet the right to be present when the verdict was received, as well as all other stages of the trial, is one that cannot be waived by the defendant. The right involved in that case was not a constitutional one, as in the case at bar, yet the court held it as sacred as though it were a constitutional right. Of course this applies only to capital cases.

Since the Sherrod case this question has been twice before this court. *Warfield* v. *State,* 50 So. Rep. 561; *McLendon* v. *State,* 50 So. Rep. 864.

In the *Warfield case,* 50 So. Rep. 561 the defendant was absent while the petit jury was being empaneled and the court cited and followed the *Sherrod case,* 47 So. Rep. 554, and reversed that case. In the *McLendon case,* 50 So. Rep. 854, the defendant was taken from the court room at his own request yet the court held that he could not waive his right to be present and cited and followed the Sherrod case above mentioned and on page 864 of 50 So. R. in the said McLendon case the court said: "In the recent case of *Sherrod* v. *State,* 47 So. Rep. 554, we

made a careful review of all the decisions in this state. It is perfectly idle to go over that ground again."

*Carl Fox,* assistant attorney-general, for appellee.

I confess error in this case. The record on page 43 affirmatively shows that Aus Foster, a witness for the state, was asked and answered four questions, three of which were material, during the absence of the defendant from the court room, and that defendant was during that time in jail. His constitutional right to be present was disregarded.

The court passed on a similar case, *John Stanley* v. *The State,* on the 21st of November, the difference being that in that case it was defendant's own witness who was examined by his own attorney during defendant's absence.

SMITH, J., delivered the opinion of the court.

Appellant was indicted for murder, convicted of manslaughter, and appeals to this court.

During a part of the examination of one of the witnesses for the state, the defendant was not in the court room, but was confined in the county jail, some distance therefrom. Under repeated decisions of this court, this was fatal error.

The judgment of the court below, therefore, must be, and is, reversed, and the cause remanded.

*Reversed and remanded.*