## HENRY LEE *v.* STATE.

[58 South. 7.]

CRIMINAL LAW.  *Capital felony.  Trial.  Presence of defendant.*
> It is fatal error in a murder trial to examine a witness in the absence of the defendant.

APPEAL from the circuit court of Quitman county.
HON. SAM C. COOK, Judge.
Henry Lee was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*P. H. Lowery,* for appellant.

In this case, even if there had been no error in the admission or exclusion of evidence, and if the testimony had been overwhelming as to the defendant's guilt, and if the correct result had evidently been reached, the appellant would be entitled to a reversal of this case and a new trial because of the matters shown by the evidence on the motion for a new trial, appearing on pages 91 to 109 of the record.  From this testimony it clearly appears that the defendant, during the trial was absent from the court room during the taking of testimony.

I call the court's attention especially to the testimony of Mr. W. M. Donaldson, beginning on page 96 of the record.  Just how much testimony was taken in his absence and what it does, does not very clearly appear, but there can be no possible doubt that a witness was introduced and questions asked and answered in his absence, and that he was entirely out of hearing and view of the court when this was being done.

The rule seems to be so well established in this state that it is not necessary to go outside of our own deci-

sion for authorities. *Booker* v. *State*, 81 Miss. 391; *Sherrod* v. *State*, 93 Miss. 774; *McLendon* v. *State*, 96 Miss. 250; *Warfield* v. *State*, 96 Miss. 170; *Saddler* v. *State*, 53 So. 783; *Stanley* v. *State*, 53 So. 497. While in some of these cases, notably *Booker's case*—it was a state's witness which was being examined and the defendant was in jail, this does not seem to make any difference in principle. The rule is the same where it is the defendant's witness and the defendant is under bond. In that case the court quotes approvingly from *State* v. *Greer*, 22 W. Va. 801, as follows:

"We will not inquire whether the prisoner was unfavorably or otherwise affected by the cross-examination of the witness in his absence. He had a right to be present which he did not and could not waive and had the right to observe every look, gesture and movement of the witness while testifying, etc."

In the later case of Sherrod, the court reviews the whole subject citing much authority, and on page 781, quotes approvingly from *State* v. *Jenkins*, 84 N. C. 814 as follows: "In every criminal prosecution it is the right of the accused to be informed of the accusation against him and to confront with his witnesses. In capital trials this right cannot be waived by the prisoner, but it is the duty of the court to see that he is actually present at each and every step taken in the progress of the trial."

This was a case where the defendant was under bond and where his absence was voluntary at the time the verdict was returned.

The court holds in its second conclusion, page 778, that the defendant cannot waive his right to be present whether he be in jail, or under bond when the verdict is returned. In the present case he was actually absent while the testimony was being taken, by far the most important thing in the trial. I especially invite

the court's attention to this case which gives an exhaustive review of the .authorities and reaches the inevitable conclusion that under our system of jurisprudence the defendant must be actually present at every step in the trial of a capital case.          .

*McLendon's case,* 96 Miss. 250, is a case where the defendant was in custody and where a state's witness was being examined. This is an extreme case but it conforms to the principles none the less.

*Warfield's case,* 96 Miss. 170, seems to me to place the right of the accused in a capital case to be present at every step of the trial beyond a peradventure and to establish beyond . controversy the right of the appellant here to a reversal and a new trial. There the absence was voluntary, the defendant being under bond, and the only thing occurring in his absence, so far as the record shows, was the asking of some of the jury whether or not they had been members of the grand jury which found the indictment.          .

If anything further is needed along this line it is found in the *Stanley case,* 53 So. 497, where almost the identical question here involved is decided. There it was the defendant's witness being examined, and the court, after the defendant was brought into the courtroom, offered to withdraw the case from the jury and also instructed the jury to disregard the evidence which had been heard in the defendant's absence. It is true that in that case the defendant was in custody and his absence was not voluntary but that makes no difference in capital cases, as is firmly established by the authorities heretofore cited.

*Frank Johnston,* assistant attorney-general, for appellee.          ·    ·

I recognize fully the rule announced by this as well as other distinguished courts, that the defendant, in

a capital felony, must be present during the progress of his trial, a rule based upon the principle that the law and the courts are favorable to the rights of a defendant placed upon trial on a charge of a capital felony. It is not my purpose to controvert, in any manner, the soundness or correctness of this as an abstract rule or doctrine of the law. Its underlying reason and principle is, that the defendant may have, throughout his trial, most ample opportunity to witness the proceedings for the protection of his interests.

In this case it is clear from the special bill of exceptions, taken by the learned counsel for the appellant which shows the testimony in regard to the absence of the defendant from the court room, that no possible prejudice, or injury, could have resulted to him from his temporary absence from the court room, which was only for a brief period of time, and at the moment when Ross, one of his witnesses, was placed on the stand.

It appears clearly from the evidence contained in the special bill of exceptions, that the defendant's absence from the court room was for a brief period, during the time while the testimony of Ross was being taken. No more than two questions had been propounded to this witness before the defendant's absence from the court room was discovered, and the proceedings stopped until he could return to the court room. I am quite sure, from the testimony on this point, that not as many as three questions had been asked of the witness Ross. One of the witnesses said that one question had been asked the witness, another stated that two questions had been asked the witness, but I do not think it was shown that any more than two had been propounded to Ross before the proceedings were stopped and the defendant returned to the court room.

The two questions propounded to Ross, with their answers are as follows:

Q. You know this defendant here, Henry Lee?

A. Yes, sir.

Q. Did you know Wade Robertson?

A. Yes, sir.

This is all. The court is not left to conjecture as to whether or not any possible prejudice could have arisen against the defendant's interests on this state of facts. On the contrary, it clearly and abundantly appears that the two questions asked and answered were innocuous and harmless, and could not have prejudiced the defendant's rights on his trial.

Nothing, therefore, is left to conjecture or speculation. It cannot be argued that prejudice might have arisen for the simple reason that the facts, clearly proven and undisputed, show that these questions and answers were not only harmless, but wholly immaterial as far as the merits of the case is concerned.

I respectfully submit, therefore, that the only question for the court is the application of the abstract rule, or doctrine of the law to the specific facts of this particular case.

WHITFIELD, C., delivered the opinion of the court.

The appellant was indicted for a capital offense, murder, convicted, and sentenced to the penitentiary for life.

During the progress of the trial, through the gross carelessness of the officers, the defendant left the court room, walked down the stairs to the first floor of the court house to get some water, and then returned. During this time the examination of a witness was in progress. This was fatal error, as repeatedly held in this state. *Booker* v. *State*, 81 Miss. 391, 33 South. 221; 95 Am. St. Rep. 474; *Sherrod* v. *State*, 93 Miss. 774, 47 So. 554, 20 L. R. A. (N. S.) 509; *Warfield* v. *State*, 96 Miss. 170, 50 South. 561; *Stanley's case*, 97 Miss. 860, 53 So.

497. And see, also, *Sadler* v. *State,* 98 Miss. 401, 53 So. 783, and *McLendon* v. *State,* 96 Miss. 250, 50 So. 864.

PER CURIAM. The above opinion is adopted as the opinion of the court; and for the reasons therein indicated, the judgment is reversed and the cause remanded.                    *Reversed and remanded.*