ROMAN DOSS *v.* STATE.

[61 South. 690]

CRIMINAL LAW.    *Trial.    Presence of accused.*
It is fatal error for the court to permit a murder trial to progress to any extent in the absence of accused. He should be present during the entire trial.

APPEAL from the circuit court of Chickasaw county.
HON. H. K. MAHAN, Judge.

Roman Doss was convicted of manslaughter and appeals.

The facts are fully stated in the opinion of the court.

*Geo. T. Mitchell,* for appellant.

The second suggestion or error, I submit, is fatal. It will be noted that this appellant was in jail and not on bond. During the progress of the trial he was in the custody of the sheriff, and during the testimony of Tom Lipsey, the most material witness for the state, and while he was absent from the court room in the custody of the sheriff, this witness, Lipsey, was permitted to detail to the jury a most important part of his testimony. Two of the most material questions and answers were asked this witness and delivered by him during the absence of the defendant from the court room, to wit:

"Q. What was he doing to him after he shot him the last time, after he whirled, if anything? A. He wasn't doint nothing.

"Q. How many times, if you know, did Roman shoot him after he fell? A. I don't know how many times he shot. It was so fast that I naturally don't know."

Now it cannot be successfully argued that that testimony was not material. It was the most important testimony delivered by this witness, and this court has repeatedly held that a defendant not on bond not only has the right to be, but he must be present at every step in the trial of his case, and the fact that he was inadvertently absent, or that the jury was instructed not to consider the testimony delivered in his absence, or that the judge had the witness to repeat his testimony to the jury after defendant had returned into court does not cure the error. Defendant's counsel excepted at the time, and the court should then and there have at least offered to defendant a mistrial in the case. *Booker* v. *State,* 81 Miss. 391; *Stanley* v. *State,* 53 So. 497; *McClendon* v. *State,* 96 Miss. 250; *Sadler* v. *State,* 53 So. 783.

This court has held it to be fatal error to proceed with the impaneling of a jury in the temporary absence of accused on trial for murder. *Warfield* v. *State,* 96 Miss. 170.

*Frank Johnston,* assistant attorney-general, for appellee.

I concede the rule of law as announced by this honorable court in capital felonies where the defendant is in custody of the law and not out on bail, that he must be present in person during the whole progress of his trial, and I do not controvert the soundness and correctness of this principle of criminal procedure, but the question which I respectfully submit to the court and which I deem it proper to submit for the consideration of the court without an extensive argument is, whether or not in this special case, the rule should be applied. I presume from the record that this occurrence was the result of an inadvertence by the court. Mr. Knox, the district attorney, says that the testimony was given while he was temporarily absent from the court room, having gone to the witness room to get some clothing which was to be introduced in evidence in the case. The questions and answers occurring during defendant's absence are correctly stated by counsel in their brief. Immediately upon the objection made by defendant's counsel, the court instructed the jury not to regard any of the testiony, either the questions or the answers of the witness given in the absence of the defendant and then in the presence of the defendant, had the witness to repeat the answers that he had given.

It thus appears, as a fact, that the defendant's rights were not prejudiced by this technical irregularity. It is therefore submitted to the court whether, in a case where the record shows that the jury was promptly cautioned to disregard the testimony and where the identical answers were made by the witness in the presence of the defendant, that this technical error, if it is a technical error, should be treated by the court as a prejudicial and therefore a reversible error.

Reed, J., delivered the opinion of the court.

Appellant was tried on an indictment for murder, and convicted of manslaughter.

One of the assignments of error is that the court erred in permitting the trial to proceed in the absence of appellant. The following is taken from the special bill of exceptions: "During the trial of said case, and while the testimony for the state was being heard, and while the witness Kelley Lipsey was testifying, the defendant, who was at the time in the custody of the sheriff of said county, had by permission retired to the toilet, under the care of said sheriff, and was absent from the court room and hearing of the court during a portion of the time said witness was delivering his testimony, as shown by the stenographer's notes (the action of the court also shown therein). After defendant had returned to the court room in the custody of the sheriff, the court then and there had said witness Lipsey to repeat that part of his said testimony delivered in the absence of the defendant, to all of which the defendant did then and there except." It appears from the record that Lipsey was a material witness. The record also contains a statement by the district attorney to the effect that, at the time when appellant went out of the room in the custody of the sheriff, he (the district attorney) was in another room, and had no knowledge of appellant's absence.

Under the law, as fixed in this state by numerous decisions, it is necessary for us to hold that it was a fatal error for the court to permit the trial of the case to progress to any extent during the absence of appellant. He should have been present during the entire trial. See *Booker* v. *State,* 81 Miss. 391, 33 South. 221, 95 Am. St. Rep. 474; *Sherrod* v. *State,* 93 Miss. 774, 47 South. 554, 20 L. R. A. (N. S.) 509; *Warfield* v. *State,* 96 Miss. 170, 50 South. 561; *McLendon* v. *State,* 96 Miss. 250, 50 South. 864; *Stanley* v. *State,* 97 Miss. 860, 53 South. 497; *Sadler*

v. *State*, 98 Miss. 401, 53 South. 783; *Lee* v. *State*, 101 Miss. 387, 58 South. 7.

*Reversed and remanded.*