## WATKINS v. STATE.

### [70 South. 457.]

1. CRIMINAL LAW. *Trial. Examination of witnesses. Absence of accused.*

   The examination of a witness in the absence of the defendant charged with a capital felony is reversible error.

2. SAME.

   If it be conceded that section 1495, Code 1906, providing that in criminal cases the presence of the prisoner may be waived, is applicable to capital felonies, still it does not apply where the defendant did not know that a witness was going to be examined while he was out and his counsel were not aware of his absence from the court room.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.
Ebb Watkins was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Powell & Featherstone,* for appellant.

From the time when the memory of man runneth not to the contrary it has been the settled law in Mississippi that a prisoner charged with a capital crime who is in custody at the time of the trial must be present at every moment of the trial and in addition the record must so show. This rule was first adopted by this court in 1847, in the case of *Scoggs* v. *State,* 8 S. & M. 722. *Price* v. *State,* 36 Miss. 531; *Stubbs* v. *State,* 49 Miss. 716; *Long* v. *State,* 52 Miss. 23; *Rolls* v. *State,* 52 Miss. 392; *Brooks* v. *State,* 81 Miss. 391; *Sherrod* v. *State,* 93 Miss. 774; *Warfield* v. *State,* 96 Miss. 170; *McClendon* v. *State,* 96 Miss. 250; *Stanley* v. *State,* 97 Miss. 860; *Sadley* v. *State,* 98 Miss. 401; *Lee* v. *State,* 101 Miss. 387; *Doss* v. *State,* 104 Miss. 598.

I had foolishing imagined perhaps, that with this unbroken line of decisions extending over a period of nearly seventy years of the state's judicial history, that the question at issue had been fully, completely, and finally settled at least in this state, and I tried to impress this view upon the court below in our motion for a new trial. How miserably I failed, the court can gather from the very elaborate opinion or brief which the learned judge below has filed in this case after the case had been finally decided in his court. This has been incorporated in the record for the guidance of this court. Being therefore a little diffident of my powers to enlighten, I humbly submit the matter for further elucidation to the wisdom of this honorable court.

*Edward Mayes,* for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted of the crime of murder, and sentenced to a life term in the penitentiary, and appeals to this court. The record shows that a witness for the state was examined in the absence of the accused. It appears that this witness was called to the stand and sworn, whereupon the presiding judge retired temporarily from the courtroom, and then the defendant, at his own request, was taken from the courtroom by the sheriff to answer a call of nature. In the absence of the defendant, the judge took the bench and the state proceeded to examine the witness, and after having finished the examination the witness was tendered to defendant's attorneys, and was partially cross-examined when the defendant's absence was discovered. The court then required the state to re-examine the witness in the presence of defendant, which was done.

By a long and unbroken line of decisions this court has held that the examination of a witness in the absence of the defendant charged with a capital felony is fatal to the trial. *Scaggs* v. *State,* 8 Smedes & M. 722;

*Price* v. *State,* 36 Miss. 531, 72 Am. Dec. 195; *Stubbs* v.
*State,* 49 Miss. 716; *Long* v. *State,* 52 Miss. 23; *Rolls* v.
*State,* 52 Miss. 392; *Booker* v. *State,* 81 Miss. 391, 33
So. 221, 95 Am. St. Rep. 474; *Sherrod* v. *State,* 93 Miss.
774, 47 So. 554, 20 L. R. A. (N. S.), 509; *Warfield* v. *State,*
96 Miss. 170, 50 So. 561; *McLendon* v. *State,* 96 Miss. 250,
50 So. 864; *Stanley* v. *State,* 97 Miss. 860, 53 So.   497;
*Sadlen* v. *State,* 98 Miss. 401, 53 So. 783; *Lee* v. *State,*
101 Miss. 387, 58 So. 7; *Doss* v. *State,* 104 Miss. 598, 61
So. 690; It is too late to overrule these decisions and
adopt a new rule. If it be true, as argued by the state,
that the decisions were based on common-law principles,
it would seem that the legislature has approved the rule
announced by nonaction in reference thereto.

We do not believe that the facts of this case bring it
within the terms of section 1495, Code 1906, if it be con-
ceded that the section is applicable to capital felonies.
The record does not disclose that the defendant consent-
ed to the examination of the witness in his absence.

On the contrary, the record clearly shows that the de-
fendant did not know that the witness was going to be
examined while he was out of the courtroom, and the
record further shows that defendant's counsel in active
control of his trial were not aware of defendant's ab-
sence.

*Reversed and remanded.*